UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SOPHOS, INC.,<br><br>        Defendant. | Case No. 14-cv-01197-WHO<br><br>**ORDER REGARDING MOTION TO STRIKE INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. Nos. 87, 91, 95, 99 |

## INTRODUCTION

This is a patent infringement action. Plaintiff Finjan, Inc. ("Finjan") accuses defendant Sophos, Inc. ("Sophos") of infringing a number of claims from eight different patents.[1] Sophos moves to strike Finjan's infringement contentions for failure to provide sufficient disclosures of Finjan's infringement theories as required under Patent Local Rule 3. For the reasons discussed below, the motion to strike is GRANTED to the extent that it seeks to compel Finjan to amend its infringement contentions. It is DENIED all other respects.

## LEGAL STANDARD

This district's patent local rules "requir[e] disclosures early in a case and streamlin[e] discovery by replacing the series of interrogatories that parties would likely have propounded

---

[1] The patents are

    (1) U.S. Patent No. 6,804,780 ("the '780 Patent");
    (2) U.S. Patent No. 8,141,154 ("the '154 Patent");
    (3) U.S. Patent No. 7,613,918 ("the '918 Patent");
    (4) U.S. Patent No. 7,757,289 ("the '289 Patent");
    (5) U.S. Patent No. 7,613,926 ("the '926 Patent");
    (6) U.S. Patent No. 6,154,844 ("the '844 Patent");
    (7) U.S. Patent No. 8,677,494 ("the '494 Patent"); and
    (8) U.S. Patent No. 8,566,580 ("the '580 Patent").

Dkt. No. 80 ("Second Amended Complaint for Patent Infringement").

without [them]." *ASUS Computer Int'l v. Round Rock* Research, LLC, No. 12-cv-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (internal quotation marks and alterations omitted). The disclosures required under the rules are designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) (internal quotation marks omitted). "They are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Golden Bridge Tech. Inc v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted). The rules "thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).

Under Patent Local Rule 3-1, a plaintiff claiming patent infringement must serve a "Disclosure of Asserted Claims and Infringement Contentions" no more than fourteen days after the initial case management conference. The disclosure must include "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party." Patent L. R. 3-1(a). The plaintiff must also identify "specifically where each limitation of each asserted claim is found within each Accused Instrumentality," and "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents." Patent L.R. 3-1(c), (e).

Patent Local Rule 3-1 does not "require a plaintiff to prove its infringement case." *Tech. Licensing Corp. v. Grass Valley USA, Inc.*, No. 12-cv-06060-PSG, 2014 WL 3752108, at *2 (N.D. Cal. July 30, 2014) (internal quotation marks omitted). But "all courts agree that the degree of specificity under [Rule 3-1] must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement," and to "raise a reasonable inference that all accused products infringe." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (internal quotation marks omitted).

To satisfy this burden, a plaintiff must "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate

2

information is reasonably available to it." *Tech. Licensing*, 2014 WL 3752108, at *2 (internal quotation marks omitted). Merely "parroting claim language or referencing screenshots and/or website content" is generally not enough. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015); *see also Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. 12-cv-01971-CW (KAW), 2013 WL 3361241, at *4 (N.D. Cal. July 3, 2013) (finding infringement contentions deficient in part because plaintiff "improperly incorporates screenshots in lieu of explanatory text"); *GN Resound A/S v. Callpod, Inc.*, No. 11-cv-04673-SBA, 2013 WL 1190651, at *4 (N.D. Cal. Mar. 21, 2013) ("[D]irecting defendant to a video, without describing the content of the video or explaining how the content of the video supports its infringement contention, is inadequate.").

## DISCUSSION

### I. MOTION TO STRIKE

Shortly after Sophos filed its motion to strike, Finjan filed an administrative motion titled, "Emergency Administrative Motion to Compel Sophos to Comply with Judge Orrick's Standing Order [on Discovery Disputes] or, in the Alternative, to Enlarge Finjan's Time to Respond to Sophos's Motion to Strike." Dkt. No. 92. In resolving that motion, I stated that the motion to strike was not a discovery dispute. Dkt. No. 94.

Having now received and reviewed Finjan's opposition to the motion to strike, I see that this was essentially a discovery dispute. The bulk of Finjan's opposition brief is dedicated not to defending the sufficiency of its infringement contentions but to explaining why various alleged deficiencies in Sophos's source code production have prevented it from making its contentions better. Finjan does not go so far as to concede that its contentions are inadequate, but its focus in its briefing is on blaming Sophos for whatever inadequacies exist.

It is not clear which party (if either) is at fault for the current state of Finjan's infringement contentions. But it is clear that Finjan is willing to amend them, and that with additional guidance from Sophos regarding its source code, Finjan should be able to do so satisfactorily. In these circumstances, it is easy to conclude that the appropriate resolution of the parties' dispute is for Sophos to provide Finjan additional guidance regarding its source code, and for Finjan to provide

3

1   Sophos with amended contentions.[2]  As I directed at oral argument on August 19, 2015, Finjan
2   shall serve the amended contentions by September 18, 2015 (i.e., within 30 days of the date of oral
3   argument).  If Finjan's amended contentions remain deficient, Sophos may renew its motion to
4   strike within 20 days of the date the amended contentions are served.

5         In amending its infringement contentions, Finjan must provide pinpoint citations, or the
6   substantial equivalent, to source code.  Finjan argues that pinpoint citations to source code are not
7   required under the patent local rules and that they are only required in response to an
8   interrogatory.  *See* Opp. at 12-15.  This distinction is irrelevant here because Sophos has already
9   served (nearly five months ago) an interrogatory requesting pinpoint citations to source code.
10  Cunningham Decl. Ex. 7 (Dkt. No. 91-16).[3]  Several courts have held that once a plaintiff has had
11  a sufficient opportunity to review the defendant's source code, the plaintiff must provide citations
12  to the source code in response to an interrogatory.  *See Vasudevan Software, Inc. v. Int'l Bus.*
13  *Machines Corp.*, No. 09-cv-05897-RS (HRL), 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011)
14  ("[T]he authority is clear that a plaintiff should provide citations once a plaintiff has had a
15  sufficient opportunity to review the source code, at least with respect to contentions that are or
16  may be based upon it."); *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 12228 (C.D. Cal.
17  2010) ("Because [defendant] provided [plaintiff] with the source code for its accused programs
18  over four months ago, and the case itself has been pending [for more than a year], [plaintiff] can
19  no longer delay the production of infringement charts with citations to source code."); *Diagnostic*

---

[2] Contrary to Sophos's arguments, striking Finjan's contentions is not warranted.  This is the first time that a court has reviewed Finjan's contentions in this case, Finjan has requested leave to amend, and it appears likely that Finjan will be able to cure the deficiencies.  This is not a situation that justifies the "draconian" measure of striking infringement contentions.  *Bender v. Advanced Micro Devices, Inc.*, No. 11-cv-01149-EMC, 2010 WL 363341, at *2 (N.D. Cal. Feb. 1, 2010); *see also Proofpoint*, 2015 WL 1517920, at *12 (declining to award the "drastic relief" of striking with prejudice the deficient infringement contentions and observing that, "[w]here appropriate, the court will treat a motion to strike [infringement contentions] as a motion to compel amendment").

[3] The pinpoint citations interrogatory was served on March 30, 2015 and states in relevant part: "For each Sophos Accused Product, separately and on a limitation-by-limitation basis in chart format, identify the source code, by listing the full directory path, file name, function or procedure name (if applicable), and line numbers, that Finjan will rely on to support its contention that such Sophos Accused Product meets each limitation of each Asserted Claim of each Patent-in-Suit." Cunningham Decl. Ex. 7 at 4 (Dkt. No. 91-16).

United States District Court
Northern District of California

1  *Sys. Corp. v. Symantec Corp.*, No. 06-cv-01211, 2009 WL 1607717, at *5 (C.D. Cal. June 5,
2  2009) ("[A]fter a plaintiff-patentee has had a reasonable opportunity to review the source code for
3  the defendant's accused software product, the patentee's time for trolling the proverbial waters for
4  a theory of infringement comes to an end, and the patentee must fish or cut bait with respect to its
5  specific theory of infringement by providing [infringement contentions in response to an
6  interrogatory] that clearly identify and explain how the source code for the accused product
7  infringes upon specific claims for the patent-in-suit."). Finjan cites no contrary authority and,
8  indeed, appears to agree that pinpoint citations to source code may be required in response to an
9  appropriately timed interrogatory. *See* Opp. at 12-15.

10  "[A] party is required to include in its infringement contentions all facts known to it."
11  *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-cv-01647-YGR (JSC), 2015 WL 335842, at *3 (N.D.
12  Cal. Jan. 26, 2015); *accord Proofpoint*, 2015 WL 1517920, at *2; *Shared Memory*, 812 F. Supp.
13  2d at 1024. By September 18, 2015, Finjan must respond to Sophos's pinpoint citations
14  interrogatory with the actual "full directory path[s], file name[s], function or procedure
15  name[s] . . . , and line numbers" that Sophos requests. Cunningham Decl. Ex. 7 at 4 (Dkt. No. 91-
16  16). Once Finjan responds to the pinpoint citations interrogatory, it will be required to include
17  that information in its infringement contentions as well.

18  Finjan must also amend its doctrine of equivalents contentions if it wants to continue to
19  assert the doctrine. The broad statement regarding the doctrine of equivalents in the body of
20  Finjan's infringement contentions is clearly insufficient. Finjan states that it

> also contends that the Accused Instrumentalities meet each of the Asserted Claims under the doctrine of equivalents. Specifically, to the extent a claim element is not met literally, it is met under the doctrine of equivalents because the corresponding feature(s) of the Accused Instrumentalities perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claim element. To the extent that any differences are alleged to exist between any element of the Asserted Claims and the corresponding feature(s) of Defendant's Accused Instrumentalities, such differences are insubstantial.
>
> Should Defendant contend that any element or limitation of the Asserted Claims is absent in an Accused Instrumentality, Finjan reserves the right to demonstrate that the allegedly missing element or limitation is present in the Accused Instrumentality under the

doctrine of equivalents.

Cunningham Decl. Ex. 12 at 12-13 (Dkt. No. 91-21). This language is materially indistinguishable from the doctrine of equivalents language that the Hon. Haywood S. Gilliam Jr. recently struck in *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015), another patent infringement action brought by Finjan.[4] A boilerplate "reservation of [the] right to argue the doctrine of equivalents, completely unrelated to specific claim elements or the allegedly infringing technology," is not enough to satisfy Patent Local Rule 3. *Id.* at *10.[5]

The doctrine of equivalents language in Finjan's claim charts also falls short, at least to the extent that the parties discuss it. With respect to element 10(c) of the '494 patent as applied to Sophos's Enduser Protection Products (the one portion of Finjan's doctrine of equivalents contentions specifically discussed by the parties), Finjan states the following regarding the doctrine of equivalents:

> Sophos meets this element under the doctrine of equivalents. Enduser Protection Products perform the same function because they create a data structure in memory that records that the Downloadable includes suspicious or malicious code that can be used for computer security and policy enforcement. Enduser Protection Products meets this element in the same way because they creat[e] a data structur[e] that identifies whether a particular

---

[4] In *Proofpoint*, Finjan stated with respect to each asserted claim,

> "To the extent that Proofpoint contends that it does not literally infringe this claim, Proofpoint infringes under the doctrine of equivalents. The above described functionality of Proofpoint is at most insubstantially different from the claimed functionality and performs the same function in the same way to achieve the same result. Once Finjan receives non-infringement positions, if any, Finjan may supplement its disclosure. In addition, Finjan may supplement its disclosure once it receives Proofpoint's production of documents with relevant and non-public information, particularly related to its source code."

Opp. at 21-22.

[5] Finjan appears to agree that the doctrine of equivalents language in the body of its infringement contentions is insufficient. In its opposition brief, it effectively disclaims that language, stating that, "in accordance with Judge Gilliam's guidance in the [*Proofpoint*], [it] asserts the doctrine of equivalents here for only certain claim limitations – specifically those for which it is able to provide contentions beyond what Sophos alleges to be boilerplate language." Opp. at 21 (internal quotation marks and alterations omitted).

6

> Downloadable includes suspicious or malicious code operations. Enduser Protection Products achieve the same result as this element because a data structur[e] has been created that can be used to enforce security and policy based on whether a Downloadable includes suspicious or malicious code operations.

Cunningham Decl. Ex. 12-H-1 at 56 (Dkt. No. 90-6).

While this language provides more than a boilerplate reservation, it does not provide the "limitation-by-limitation analysis" required to adequately assert the doctrine of equivalents under the patent local rules. *Cap Co. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 WL 4734951, at *4 (N.D. Cal. Aug. 10, 2015); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 3640694, at *5-6 (N.D. Cal. June 11, 2015); *Rambus Inc. v. Hynix Semiconductor Inc.*, No. 05-cv-00334-RMW, 2008 WL 5411564, at *3 (N.D. Cal. Dec. 29, 2008). Element 10(c) of the '494 patent recites "a Downloadable scanner coupled with said receiver, for deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable." '494 Patent at 22:9-14 (Dkt. No. 58-9). Finjan fails to explain where in the accused products the alleged equivalent for this element is found, or how the function, way, and result of that alleged equivalent is substantially the same as the claimed subject matter. Nor does Finjan explain why it is proper to use the exact same doctrine of equivalents language with respect to element 1(c) of the '494 patent, even though that element, unlike element 10(c), does not require "a Downloadable scanner coupled with said receiver." *See* Cunningham Decl. Ex. 12-H-1 at 22 (Dkt. No. 90-6).

To satisfy Patent Local Rule 3, Finjan must do more than vaguely reference the alleged function, way, and result of the whole accused product. *See CSR Tech. Inc. v. Freescale Semiconductor*, No. 12-cv-02619-RS (JSC), 2013 WL 503077, at *8-9 (N.D. Cal. Feb. 8, 2013) (finding doctrine of equivalents contention insufficient where it described the entire accused product, as opposed to specific components of the accused product, as the equivalent structure); *see also ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST (NC), 2014 WL 1463609, at *3 n.1 (N.D. Cal. Apr. 11, 2014) ("To the extent that the infringement contentions are slightly more specific in asserting a DOE theory . . . , those contentions still fail to meet the requirements of the [patent local rules] because they do not identify how specific

7

1  components of the Accused Instrumentalities infringe under a DOE theory on a claim-by-claim
2  basis."). Finjan "must specify in what way [Sophos's] products infringe under the doctrine of
3  equivalents, or drop the contention altogether." *CSR Tech.*, 2013 WL 503077 at *9 (internal
4  quotation marks omitted).

Finally, I note that there is no dispute between the parties regarding the willful infringement contentions. Finjan has clarified that the '494 patent and '580 patent were omitted because of an inadvertent typographical error, and that it is not asserting willful infringement with respect to any of the patents in suit. Opp. at 5 n.3, 22. In other words, Finjan has conceded that its contentions do not assert willful infringement. To avoid further litigation of this issue, Finjan may want to amend its contentions to better convey this concession, but it is not required to do so.

## II. ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

The parties filed three administrative motions to file under seal in conjunction with the motion to strike.

On July 2, 2015, Sophos moved to seal a number of attachments to its motion to strike, either because the attachments contained "citations to Sophos's source code and highly confidential technical documents," or because they contained information designated by Finjan as highly confidential. Dkt. No. 87. Sophos states that the attachments containing its source code and technical documents are sealable because they contain confidential information that,

> if filed publicly, . . . could be used by Sophos's competitors to Sophos's disadvantage, as it reveals the identification, organization, and operation of Sophos's proprietary products. In particular, Sophos's competitors could use Sophos's code and confidential documents to recreate the features of Sophos's products.

Dkt. No. 87-1. Finjan did not file a declaration in support of sealing pursuant to Civil Local Rule 79-5(e).

On July 23, 2015, Finjan moved to seal various portions of its opposition brief and attachments thereto, all on the ground that the documents contain information designated by Sophos as highly confidential. Dkt. No. 95. Pursuant to Civil Local Rule 79-5(e), Sophos filed a declaration in support of sealing on July 27, 2015. Dkt. No. 98. The declaration repeats the same justification that Sophos offers in support of sealing the attachments to its motion to strike – i.e,

8

1    that the documents contain confidential information that "could be used by Sophos's competitors

2    to Sophos's disadvantage," as it could be used to "recreate the features of Sophos's products." *Id.*

3          On July 30, 2015, Sophos moved to seal various portions of its reply brief and attachments

4    thereto, again offering the same justification in support of sealing. Dkt. Nos. 99, 99-1.

5          These sealing motions are all DENIED WITHOUT PREJUDICE. Sophos is correct that a

6    party's confidential source code generally constitutes sealable information. *See, e.g., Apple, Inc.*

7    *v. Samsung Electronics Co.*, No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10,

8    2012). But none of the documents at issue here contain any actual source code. Rather, they

9    contain the names of folders in which source code is stored, or file paths for source code, or broad

10   descriptions of the general organization of source code. Sophos cites no authority indicating that

11   such high level information is per se sealable. Even under the laxer standard governing

12   nondispositive motions like this one, a party seeking to file materials under seal must make a

13   "particularized showing of good cause" with respect to each individual sealing request. *Foltz v.*

14   *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). "Broad allegations of harm,

15   unsubstantiated by specific examples or articulated reasoning," are not enough. *Beckman Indus.,*

16   *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The boilerplate, vague, and speculative

17   explanation that Sophos offers in support of its sealing requests does not satisfy this standard. The

18   information designated by Finjan as highly confidential is also unsealable at present, because

19   Finjan has not offered any justification for sealing it.

20         If either party still wants to file any of these documents or portions thereof under seal, it

21   shall file an amended declaration narrowing its sealing requests and/or making a particularized

22   showing of good cause that justifies sealing within seven days of the date of this order.

23         **CONCLUSION**

24         For the foregoing reasons, Sophos's motion to strike, Dkt. No. 91, is GRANTED to the

25   extent that it seeks to compel Finjan to amend its infringement contentions. It is DENIED in all

26   other respects.

27         As discussed at oral argument, to ensure that Finjan has access to the information it needs

28   to adequately amend its infringement contentions, the parties shall immediately meet and confer to

9

discuss the scope, methodology, and timing of further source code review (if they have not done so already). The parties have agreed that the restriction in the stipulated protective order disallowing electronic note taking during source code review will be lifted, subject to appropriate restrictions against network connections, data transmission, etc. If the parties discover after appropriate efforts to meet and confer that further agreement on the scope, methodology, or timing of the review cannot be reached, they should seek the assistance of the Court by filing a joint five-page letter describing their dispute.

Finjan shall serve its amended infringement contentions and respond to Sophos's pinpoint citations interrogatory by September 18, 2015 (within 30 days of the date of oral argument). If Finjan's amended contentions remain deficient, Sophos may renew its motion to strike within 20 days of the date the amended contentions are served. As stated in the minute entry regarding oral argument, the parties may extend these deadlines by stipulation if the logistics of further source code review or other circumstances make the deadlines unrealistic. Dkt. No. 102. As Finjan stated in its opposition brief, its amended infringement contentions shall "not add any products, technologies, or claims . . . , or expand the scope of its infringement theories." Opp. at 23.

The parties' administrative motions to file under seal, Dkt. Nos. 87, 95, 99, are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: August 24, 2015.

WILLIAM H. ORRICK
United States District Judge

10