UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br>        Plaintiff,<br>    v.<br>SOPHOS, INC.,<br>        Defendant. | Case No. 14-cv-01197-WHO<br><br>**ORDER RE DISCOVERY DISPUTE**<br>Re: Dkt. No. 105 |

The parties filed a Joint Statement of Discovery Dispute on October 6, 2015 regarding whether Sophos must provide more specific source code identification for 16 Accused Instrumentalities in response to Finjan's Interrogatory No. 16. Dkt. No. 105. I held a hearing on October 8, 2015.

Sophos argued, in summary, that Finjan has had the source code for sixteen months. Moreover, Sophos has provided folder path information and identified the master build files, and made technical counsel and its internal Perforce source code available. Given that it is Finjan's burden to prove its case, Sophos asserts that it has done all that is required. In addition, Sophos says that it does not know how to answer the interrogatory because the Accused Instrumentalities are a mixture of marketing terms, internal product development release names and software components. Finjan essentially responds that the manner in which the source code has been produced has made it impossible to develop its case, that the master build files are enormous and extremely difficult to navigate, that the Perforce source code was provided without a way to search it reasonably, and that the technical counsel has either obstructed or failed to assist Finjan in a useful way. It argues that Sophos is playing games to render Finjan's expert report erroneous and incomplete because, for example, the expert cannot reasonably know from the production to date what source code is active.

On this record, it is impossible to know who is telling the truth. I see two paths forward. The first may be burdensome but necessary. By October 16, 2015, the parties shall file expert declarations that explain why having the source code for sixteen months, the folder path information, identification of the master build files, technical counsel's assistance and the internal Perforce source code is or is not sufficient for Finjan to identify what it seeks from Sophos in Interrogatory No. 16. By the same date, Finjan shall file excerpts of depositions that discuss the Accused Instrumentalities or other evidence that tends to contradict Sophos's assertions that it cannot identify the Accused Instrumentalities with requisite certainty to respond to the interrogatory. The parties may also separately file briefs of no more than five pages in length if the declarations and previous Joint Statement are insufficient to fully explain their positions. It is my hope that such a record will allow me to rule on the issue, but if not, I may appoint an expert or master to resolve the issue.

Alternatively, the parties may work this out cooperatively, the way that experienced trial lawyers are typically able to. I ORDER that trial counsel immediately (today or tomorrow) engage in a meet and confer session of at least 30 minutes in length to try to resolve this dispute, which is threatening to derail the litigation and divert time and money in ways that the parties may not think is productive. But if a decision is needed, once I have a sufficient record I will provide it, and there will be consequences if I determine that either side has not been candid with the Court.

**IT IS SO ORDERED**.

Dated: October 9, 2015



WILLIAM H. ORRICK
United States District Judge