SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700
Fax:  (619) 699-2701

SUMMER K. TORREZ (Bar No.264858)
summer.torrez@dlapiper.com
KRISTA A. CELENTANO (Bar No. 279526)
krista.celentano@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

TODD PATTERSON (admitted *pro hac vice*)
todd.patterson@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Ste. 2500
Austin, TX 78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

ANDREW STEIN (admitted *pro hac vice*)
andrew.stein@dlapiper.com
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel:  202.799.4000
Fax:  202.799.5000

Attorneys for Defendant
SOPHOS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br>             Plaintiff, <br><br> v. <br><br> SOPHOS INC., <br><br>             Defendant. | CASE NO.  3:14-cv-01197-WHO <br><br> **DEFENDANT SOPHOS INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date:    November 18, 2015 <br> Time:    2 p.m. <br> Dept.:   Courtroom 2, 17th Floor <br> Judge:  William H. Orrick |

**TABLE OF CONTENTS**

**Page**

I. Introduction ........................................................................................................................ 1

II. Legal Standards ................................................................................................................. 1

III. Finjan's Proposed Amendments Are Futile Because They Do Not Meet the Pleading Standards For Willful Infringement ................................................................... 2

    A. Finjan Does Not Plead Facts Sufficient To Show That Sophos Had Pre-Suit Knowledge Of The '780 Or '844 Patents ............................................. 3

    B. Finjan Does Not Allege Any Facts To Support Its Conclusory Allegation Of Objective Recklessness ................................................................. 4

    C. Finjan Does Not Plead That Sophos Knew Or Should Have Known That Its Actions Constituted Infringement Of A Valid Patent ............................................. 5

IV. Conclusion ......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Asarco LLC v. Shore Terminals LLC*,
  No. C 11-01384 WHA, 2012 WL 440519 (N.D. Cal. Feb. 10, 2012) ..................................... 1

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
  2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) .................................................................... 3

*Bascom Research LLC v. Facebook, Inc.*,
  2013 WL 968210 (N.D. Cal. Mar. 12, 2013) ...................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 2

*Bonin v. Calderon*,
  59 F.3d 815, 845 (9th Cir.1995), cert. denied, 516 U.S. 1051 (1996) ............................... 2

*CNET Networks, Inc. v. Etilize, Inc.*,
  584 F. Supp. 2d 1260 (N.D. Cal. 2008) ............................................................................. 1

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
  609 F. Supp. 2d 1090 (E.D. Cal. 2009) .............................................................................. 6

*Foman v. Davis*,
  371 U.S. 178 (1962) ........................................................................................................... 1

*Fortinet Inc. v. FireEye Inc.*,
  2014 WL 4955087 (N.D. Cal. Sept. 30, 2014) ................................................................... 5

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ................................................................................. 2, 3, 5

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*,
  464 F.3d 1339 (Fed. Cir. 2006) ......................................................................................... 1

*Miller v. Rykoff-Sexton*,
  845 F.3d 209, 214 (9th Cir. 1988) ..................................................................................... 1

*Novak v. Tucows, Inc.*,
  No. 06-CV-1909, 2007 WL 922306 (E.D.N.Y. Mar. 26, 2007) aff'd, 330 F. App'x 204
  (2d Cir. 2009) .................................................................................................................... 3

*Potter Voice Technologies, LLC v. Apple Inc.*,
  24 F. Supp. 3d 887 (N.D. Cal. 2014) ................................................................................. 6

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Radware, Ltd. v. A10 Networks, Inc.*,
  2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) ........................................................................ 3

*Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*,
  No. C 12-00068 JW, 2012 WL 2803617 (N.D. Cal. July 10, 2012) ......................................... 4

*SoftView LLC v. Apple Inc., et al.*,
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .................................................. 2

*Specht v. Google Inc.*,
  758 F. Supp. 2d 570 (N.D. Ill. 2010), aff'd, 747 F.3d 929 (7th Cir. 2014) ............................... 4

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
  No. 6:12CV366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) .............................. 5

*Wilkerson v. New Media Tech. Charter School Inc.*,
  522 F.3d 315, 321 (3d Cir. 2008) ............................................................................................ 2

**RULES**

35 U.S.C. § 284 ................................................................................................................................ 3

35 U.S.C. § 285 ................................................................................................................................ 3

**STATUTES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 1

Defendant Sophos Inc. ("Sophos") respectfully submits this opposition to Plaintiff Finjan, Inc.'s ("Finjan") Motion for Leave to File a Third Amended Complaint. Finjan's willful infringement allegations in its proposed Third Amended Complaint are legally deficient and fail to state a valid claim under Fed. R. Civ. P. 12(b)(6), so granting Finjan leave to amend would be futile.

## I.   INTRODUCTION

The Court should deny Finjan leave to amend its complaint yet again. Finjan's proposed amendments do not allege facts sufficient to support its proposed willful infringement allegations, so any amendment would be futile. Finjan's proposed Third Amended Complaint seeks to add willful infringement allegations for two of Finjan's asserted patents, U.S. Patent Nos. 6,804,780 and 6,154,844. However, Finjan has not pled sufficient facts to support its allegation that (1) Sophos actually knew about the '780 and '844 patents before Finjan filed this lawsuit, (2) an objectively-defined risk was either known or so obvious that it should have been known to Sophos and (3) Sophos knew or should have known that there was a risk that its accused products infringed the '780 and '844 patents. All of these facts are required to properly allege willful infringement. Finjan's conclusory allegations are exactly the type that Courts consistently reject at the pleading stage.

## II.   LEGAL STANDARDS

The Court must consider futility of the proposed amendment in determining whether to grant Finjan's motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "When a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006). A proposed amendment is futile if it fails to state a valid claim under Rule 12(b)(6). *Asarco LLC v. Shore Terminals LLC*, No. C 11-01384 WHA, 2012 WL 440519, at *2 (N.D. Cal. Feb. 10, 2012), citing *Miller v. Rykoff-Sexton*, 845 F.3d 209, 214 (9th Cir. 1988). Futility of amendment, by itself, can justify the denial of a motion to amend. *CNET Networks,*

*Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1267 (N.D. Cal. 2008), citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995), cert. denied, 516 U.S. 1051 (1996).

To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Id.* at 570. "At bottom, '[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element' of a plaintiff's claim." *SoftView LLC v. Apple Inc., et al.*, No. 10-389-LPS, 2012 WL 3061027, at *2 (D. Del. July 26, 2012), quoting *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008). "The Court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false." *SoftView,* 2012 WL 3061027, at *3 (internal citations omitted).

### III. FINJAN'S PROPOSED AMENDMENTS ARE FUTILE BECAUSE THEY DO NOT MEET THE PLEADING STANDARDS FOR WILLFUL INFRINGEMENT.

Finjan's proposed amendments are futile because Finjan does not and cannot allege facts that would plausibly support a conclusion that Sophos's conduct meets either prong of the willfulness standard set forth in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370 (Fed. Cir. 2007). To establish willful infringement, a patentee must establish pre-suit knowledge of an asserted patent plus: (1) an objectively high likelihood that the accused infringer's activities constituted infringement of a valid patent (objective recklessness); and (2) either subjective knowledge by the accused infringer of the risk of infringement, or a risk that was so obvious the accused infringer should have known of it. *Id*.

Finjan does not plead any facts to satisfy the *Seagate* standard. Rather, Finjan's allegations of willful infringement consist of the following boilerplate allegations:

> Defendant has been aware of the '780 Patent since at least as early as June 29, 2007, yet Defendant has continued its infringing activity despite this knowledge. <u>Defendant knew of, was in possession of, analyzed and had used Finjan's Vital Security Web Appliance with the Vital Security ISA Connector by at least June</u>

> 29, 2007, and Defendant considered it to be similar to Defendant's product. Finjan's Vital Security Web Appliance with the Vital Security ISA Connector supporting documentation provided Defendant notice of the '780 Patent. Despite the awareness of the '780 Patent at least as of June 29, 2007, Defendant has continued to manufacture, use, sell, import and/or offer for sale Defendant's products and services, which embody the patented invention of the '780 Patent. As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '780 Patent, warranting an award to Finjan of enhanced damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

Proposed Third Amended Complaint ("TAC") ¶ 50 (emphasis added). Finjan makes the identical boilerplate allegations for the '844 patent, simply replacing the patent number. *Id.* at ¶142.

### A. Finjan Does Not Plead Facts Sufficient To Show That Sophos Had Pre-Suit Knowledge Of The '780 Or '844 Patents.

To establish willful infringement, a plaintiff must at a minimum plead and prove <u>pre-suit</u> knowledge of the asserted patents. *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, 2012 WL 1030031, at *3-4 (N.D. Cal. Mar. 22, 2012) (dismissing willful infringement claims where patentee failed to allege facts to suggest that the defendant had pre-suit knowledge of asserted patent); *Radware, Ltd. v. A10 Networks, Inc.*, 2013 WL 5373305, *6 (N.D. Cal. Sept. 24, 2013). Here, Finjan does not and cannot allege that Sophos had pre-suit knowledge of the '780 and '844 patents. On the contrary, Finjan alleges that Sophos had knowledge of a Finjan <u>product</u>, then alleges that the product "and its supporting documentation" somehow provided Sophos with "notice" of the '780 and '844 patents. TAC ¶¶ 50, 142. To try to support this allegation, Finjan attaches to its motion a printout that apparently comes from a website known as the "Wayback Machine," which lists the patent numbers of the '780 and '844 patents. Lee Decl., Ex. 3 at p. 4. But courts uniformly hold that, without proper authentication, documents from the Wayback Machine Internet archive are not evidence. *See, e.g.*, *Novak v. Tucows, Inc.*, No. 06CV1909(JFB)(ARL), 2007 WL 922306, at *5 (E.D.N.Y. Mar. 26, 2007) *aff'd*, 330 F. App'x 204 (2d Cir. 2009) ("the authorized owners and managers of the archived websites play no role in ensuring that the material posted in the Wayback Machine accurately represents what was posted on their official websites at the relevant time"); *Specht v. Google Inc.*, 758 F. Supp. 2d 570, 580

-3-

(N.D. Ill. 2010), *aff'd,* 747 F.3d 929 (7th Cir. 2014) (excluding Wayback Machine printouts where not properly authenticated).  Additionally, nowhere does Finjan allege (1) that its "Exhibit 3" document was actually published at the time Finjan claims, (2) that anyone at Sophos ever saw or had a copy of this document, or (3) how this document relates (if at all) to the Finjan product that Sophos supposedly "analyzed."  Given the utter lack of specificity, Finjan's willfulness allegation does not meet even the "barest factual assertions of knowledge."

In *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, No. C 12-00068 JW, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012), the plaintiff alleged in its complaint that it had "informed [Defendant] of the Patents-in-Suit and [Defendant's] infringement of those patents."  The Court granted a motion to dismiss, holding that the plaintiff "failed to make out even the 'barest factual assertion' that Defendant knew of the patents-in-suit, but instead has made a mere allegation, without more, that Defendant had actual knowledge of those patents." *Id*.  Here, Finjan's allegations are even more sparse than in *Robert Bosch*, as Finjan tries to replace specific factual allegations about Sophos's alleged pre-suit knowledge of the '780 and '844 patents with the vague allegation—including by citing the "Wayback Machine"—that Sophos was aware of the '780 and '844 patents through its knowledge of a Finjan product.  This is not enough, and notably Finjan cites no case that has ever upheld willfulness allegations like Finjan's.

### B. Finjan Does Not Allege Any Facts To Support Its Conclusory Allegation Of Objective Recklessness.

Finjan also has not pled any facts to support the essential predicate that Sophos acted despite an objectively high likelihood that its activities constituted infringement of a valid patent.  Finjan's proposed Third Amended Complaint makes the bare allegation that Sophos acted "recklessly," and Finjan claims that Sophos considered its product "to be similar" to Finjan's products.  That is not enough—not even close.

In *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12CV366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013), the court granted a motion to dismiss the plaintiff's willfulness allegations, holding that "USEI's allegation is devoid of any facts that create an

-4-

inference of Yamaha's objective recklessness; it only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe." *Id.* at *5. Here, this is all Finjan does—it recites the legal standard (objective recklessness), but does not plead any facts that would plausibly state a claim that Sophos actually acted with objective recklessness. *See also Fortinet Inc. v. FireEye Inc.*, 2014 WL 4955087 (N.D. Cal. Sept. 30, 2014); *Bascom Research LLC v. Facebook, Inc.*, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) (granting motion to dismiss willful infringement allegation). Finjan likewise does not plead any facts sufficient to support objective recklessness. Simply alleging that one party considered its products to be similar to another party's product does not constitute knowledge of a patent, let alone objective recklessness under the *Seagate* standard. This fundamental failure of pleading warrants denial of Finjan's motion to amend.

### C. Finjan Does Not Plead That Sophos Knew or Should Have Known That Its Actions Constituted Infringement Of A Valid Patent.

Finally, Finjan pleads no facts showing that Sophos actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. Instead, Finjan claims it adequately pleaded willful infringement based on the allegation that "Defendant knew of, was in possession of, analyzed and had used Finjan's Vital Security Web Appliance with the Vital Security ISA Connector by at least June 29, 2007, and Defendant considered it to be similar to Defendant's product." TAC at ¶¶ 50, 142. Finjan claims to have found support for this statement in its review of various "files and comments" Finjan accessed in its review of Sophos's source code. Motion Dkt. 109-3 at 4. Assuming these comments even mean what Finjan claims they do (which they do not), Sophos's mere awareness of a Finjan product is legally insufficient to support a claim of willful infringement. To support a willful infringement claim, Finjan must allege facts to demonstrate that Sophos actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. Finjan alleges no such facts, because they do not exist.

The cases Finjan cites do not support its request to amend its complaint. In *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 609 F. Supp. 2d 1090 (E.D. Cal. 2009), the knowledge

-5-

1  requirement for willful infringement was not even at issue.  There, the defendant argued that a
2  belated amendment to include post-filing willful infringement was improper because the plaintiff
3  could have sought preliminary injunctive relief.  *Id* at 1097.  In *Potter Voice Technologies, LLC v.*
4  *Apple Inc*., 24 F. Supp. 3d 887 (N.D. Cal. 2014), the court found the plaintiff's allegations
5  sufficient where the plaintiff alleged that certain current Apple employees were aware of the
6  asserted patent because they cited that patent in the prosecution history of their own patents.  *Id.*
7  at 887.  In stark contrast, Finjan nowhere alleges that any current Sophos employee actually had
8  knowledge of the '780 or '844 patents through patent prosecution or any other way—because
9  such an allegation would be untrue.  Simply reciting the legal standard, without more, is simply
10 not enough.

## IV.  CONCLUSION

Because Finjan's proposed amendments would be futile, Sophos respectfully requests that the Court deny Finjan's motion for leave to amend.

Dated:  October 22, 2015

**DLA PIPER LLP (US)**

By  */s/ Sean Cunningham*
SEAN CUNNINGHAM
KATHRYN RILEY GRASSO
TODD PATTERSON
ANDREW STEIN
SUMMER K. TORREZ
Attorneys for Defendant SOPHOS INC.