UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

    Plaintiff,

    v.

SOPHOS, INC.,

    Defendant.

Case No. 14-cv-01197-WHO

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

Re: Dkt. Nos. 109, 110, 120

## INTRODUCTION

This is a patent infringement action involving antiviral software and other technologies for computer and network security. Plaintiff Finjan, Inc. ("Finjan") accuses defendant Sophos, Inc. ("Sophos") of infringing a number of claims from eight different patents.[1] Finjan moves for leave to amend to add claims of willful infringement of the '780 and '844 patents based on information it discovered while reviewing Sophos's source code that, according to Finjan, indicates that Sophos had pre-suit knowledge of those patents. Oral argument on this motion is unnecessary and the hearing set for November 18, 2015 is VACATED. Finjan has plausibly alleged pre-suit knowledge of the '780 and '844 patents, and at this phase of the proceedings, it is not required to plead facts that satisfy the evidentiary standard for proving willful infringement set out by *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Its motion is GRANTED.

---

[1] The patents are:

    (1) U.S. Patent No. 6,804,780 ("the '780 Patent");
    (2) U.S. Patent No. 8,141,154 ("the '154 Patent");
    (3) U.S. Patent No. 7,613,918 ("the '918 Patent");
    (4) U.S. Patent No. 7,757,289 ("the '289 Patent");
    (5) U.S. Patent No. 7,613,926 ("the '926 Patent");
    (6) U.S. Patent No. 6,154,844 ("the '844 Patent");
    (7) U.S. Patent No. 8,677,494 ("the '494 Patent"); and
    (8) U.S. Patent No. 8,566,580 ("the '580 Patent").

Dkt. Nos. 80 (Second Amended Complaint), 109-6 (Proposed Third Amended Complaint).

**BACKGROUND**

Finjan initiated this action on March 14, 2014. Dkt. No. 1. It amended its complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) on April 8, 2014. Dkt. No. 15. It amended its complaint a second time pursuant to the case management schedule – which allowed for amendment without leave of court through August 29, 2014, *see* Dkt. Nos. 35, 36 – on August 19, 2014. Dkt. Nos. 44, 80.

Following my August 24, 2015 ruling on Sophos's motion to strike Finjan's infringement contentions, Sophos made its source code available to Finjan in "Perforce" for the first time in this case. *See* Mot. at 3 (Dkt. No. 109-4). Finjan states that Perforce is the system that Sophos uses to maintain its source code, and that reviewing the source code in Perforce enabled Finjan to access "key information that Sophos had previously withheld, including source code comments and metadata." Lee Decl. ¶ 5 (Dkt. No. 109-8). Finjan states that

> [u]pon extensive review of Sophos's source code in Perforce beginning on August 25, 2015 through much of September 2015, Finjan discovered various files and comments regarding Finjan that had been previously inaccessible without Perforce. This included the files "Finjansetup.exe" and "finjan-trace.pcap," as well as the following comment dated June 29, 2007: "Initial check of the WSA + ISA integration project docs & example of a similar plugin from Finjan." Finjan's plugin referred to in this comment is the Vital Security ISA Connector, which is a plugin for Finjan's Vital Security Web Appliance. This product embodies technologies protected by the '780 and '844 Patents, and Finjan had marked the documentation for this product with the '780 and '844 Patents.

*Id.* ¶ 6. Finjan further states that soon after it discovered this information, Sophos "disabled [its] ability to view files and comments in Perforce," and that despite its repeated requests, Sophos "has refused to explain what happened to this information or why the ability to review such information has not been re-enabled." *Id.* ¶ 8.

On September 24, 2015, Finjan sought Sophos's consent to the amendment at issue here. *Id.* ¶ 10. During a meet and confer on September 28, 2015, Sophos notified Finjan that it would oppose the amendment. *Id.* ¶ 11.

Finjan filed its motion for leave to amend on October 8, 2015. The willful infringement allegations in the Proposed Third Amended Complaint ("Proposed TAC") are identical for both

the '780 patent and the '844 patent. They are as follows:

> Defendant has been aware of the ['780/'844 patent] since at least as early as June 29, 2007, yet Defendant has continued its infringing activity despite this knowledge.
>
> Defendant knew of, was in possession of, analyzed and had used Finjan's Vital Security Web Appliance with the Vital Security ISA Connector by at least June 29, 2007, and Defendant considered it to be similar to Defendant's product.
>
> Finjan's Vital Security Web Appliance with the Vital Security ISA Connector supporting documentation provided Defendant notice of the ['780/'844 patent].
>
> Despite the awareness of the ['780/'844 patent] at least as of June 29, 2007, Defendant has continued to manufacture, use, sell, import and/or offer for sale Defendant's products and services, which embody the patented invention of the ['780/'844 patent]. As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the ['780/'844 patent], warranting an award to Finjan of enhanced damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

Proposed TAC ¶¶ 50, 142 (paragraphing added).

**LEGAL STANDARD**

**I.    LEAVE TO AMEND**

Federal Rule of Civil Procedure 16 applies "when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The rule provides in relevant part that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry under Rule 16(b)(4) focuses on the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

Once the moving party succeeds in demonstrating good cause under Rule 16(b)(4), it must then demonstrate that leave to amend is appropriate under Federal Rule of Civil Procedure 15. *See*

3

1  *Johnson*, 975 F.2d at 608; *see also Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2015 WL
2  4104609, at *1, *4 (N.D. Cal. July 7, 2015).  Rule 15 directs courts to "freely give leave [to
3  amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts consider five factors in
4  deciding whether to grant leave to amend in this context: "bad faith, undue delay, prejudice to the
5  opposing party, futility of amendment, and whether the plaintiff has previously amended the
6  complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Of these
7  factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight."
8  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "In exercising its
9  discretion a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on
10 the merits rather than on the pleadings or technicalities."  *DCD Programs, Ltd. v. Leighton*, 833
11 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks omitted).

12  With respect to the futility factor, an amendment is futile where the amended complaint
13 would be immediately "subject to dismissal."  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293,
14 1298 (9th Cir. 1998).  Thus, the "proper test to be applied when determining the legal sufficiency
15 of a proposed amendment is identical to the one used when considering the sufficiency of a
16 pleading challenged under Rule 12(b)(6)."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th
17 Cir. 1988); *accord Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) *on reh'g en banc*, 681
18 F.3d 1041 (9th Cir. 2012); *Lovett v. Omni Hotels Mgmt. Corp.*, No. 14-cv-02844-RS, 2015 WL
19 5882054, at *2 (N.D. Cal. Oct. 8, 2015); *Stubbs v. Covenant Sec. Servs., Ltd.*, No. 15-cv-00888-
20 JCS, 2015 WL 5521984, at *6 (N.D. Cal. Sept. 16, 2015).

21 **II.    WILLFUL INFRINGEMENT**

22  Although patent infringement is a strict liability offense, a patentee may obtain enhanced
23 damages under 35 U.S.C. § 284 where it establishes that the defendant's infringement was
24 "willful."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007).  A patentee claiming
25 willful infringement must prove by clear and convincing evidence that the accused infringer
26 "acted despite an objectively high likelihood that its actions constituted infringement of a valid
27 patent."  *Id.* at 1371.  "If this threshold objective standard is satisfied, the patentee must also
28

4

1   demonstrate that this objectively defined risk . . . was either known or so obvious that it should
2   have been known to the accused infringer." *Id.*
3   Because "a party cannot be found to have willfully infringed a patent of which the party
4   had no knowledge," *Gustafson Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 511 (Fed.
5   Cir. 1990) (internal quotation marks omitted), "[k]nowledge of the paten[t] is essential to a claim
6   of willful infringement," *Radware, Ltd. v. A10 Networks, Inc.*, No. 13-cv-02021-RMW, 2013 WL
7   5373305, at *6 (N.D. Cal. Sept. 24, 2013). To satisfy this knowledge requirement at the pleading
8   phase, a patentee in this district "must make out the barest factual assertion of knowledge" of the
9   patent. *Johnstech Int'l Corp. v. JF Tech. Berhad*, No. 14-cv-02864-JD, 2015 WL 2062223, at *2
10  (N.D. Cal. May 1, 2015); *accord Longitude Licensing v. Apple Inc.*, No. 14-cv-04275-EDL, 2015
11  WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015); *XimpleWare, Inc. v. Versata Software, Inc.*, No.
12  13-cv-05161-PSG, 2014 WL 6687219, at *8 (N.D. Cal. Nov. 25, 2014).

**DISCUSSION**

**I.  MOTION FOR LEAVE TO AMEND**

Sophos does not dispute that there are no issues here regarding good cause under Rule 16(b)(4), or bad faith, undue delay, prejudice, or previous amendment of the complaint under Rule 15. *See* Opp. at 2-6 (Dkt. No. 119). Its only argument against amendment is that the proposed allegations are futile because they fail to satisfy the pleading standards for willful infringement. *See id.* I disagree.

First, Sophos contends that the proposed allegations do not adequately allege pre-suit knowledge of the '780 and '844 patents. But nearly every case that Sophos cites in support of this argument is plainly distinguishable from this one, because each involved a mere boilerplate, conclusory accusation of pre-suit knowledge, without any accompanying factual details. *See, e.g., Bascom Research LLC v. Facebook, Inc.*, No. 12-cv-06293-SI, 2013 WL 968210, at *4, *6 (N.D. Cal. Mar. 12, 2013) (dismissing willful infringement claims where "[a]lthough the [plaintiff] allege[s] that defendants 'knowingly induced' infringement, there are no facts alleging whether, when or how defendants became aware of the patents-in-suit"); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 12-cv-00366, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013) (plaintiff

alleged only that defendants "had actual or constructive knowledge of the patent, yet continue to infringe said patent" and that "[t]he infringement of the patent by defendants is willful and deliberate") (internal alterations omitted); *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, No. 12-cv-00068-JW, 2012 WL 2803617, at *2-3 (N.D. Cal. July 10, 2012) (plaintiff alleged only that prior to the filing of the suit it had "informed defendant of the patents-in-suit and defendant's infringement of those patents" but "offered no evidentiary details whatsoever in support of its claims for willful infringement") (internal alterations omitted); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-04049-JW, 2012 WL 1030031, at *3-4 (N.D. Cal. Mar. 22, 2012) (plaintiff alleged only that defendants "were infringing [the patent]" within the preceding six years, and that the infringement "was willful, intentional and with conscious knowing disregard of [plaintiff's] patent rights"). That is clearly not the situation here.

*Radware, Ltd. v. A10 Networks, Inc.*, No. 13-cv-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013), also cited by Sophos, is closer to the mark, but that case is also distinguishable. There, the plaintiff attempted to establish pre-suit knowledge by alleging (1) that the parties were competitors and that the plaintiff had identified the patents-in-suit in a press release and on its website, and had marked its products in accordance with 35 U.S.C. § 287; and (2) that one of the plaintiff's former employees with knowledge of the patents-in-suit had begun working for the defendant and "on information and belief . . . conveyed that knowledge to [the defendant's] management." *Id.* at *2. The court reasoned that the first theory failed because "[i]t [could] not be plausibly inferred from competition alone that [the defendant] would have been monitoring [the plaintiff's] patent applications." *Id.* at *3. The court rejected the second theory because "there [wa]s simply no factual basis alleged in the complaint from which to infer that [the employee] informed [the defendant] about the [patents-in-suit]." *Id.* The only factual basis referenced in the complaint for the theory was a letter from the defendant (A10 Networks, Inc.) to the plaintiff concerning the employee (Yehiel Stein). The letter stated:

> Mr. Stein became an employee of A10 several weeks ago. In connection with the commencement of his employment, Mr. Stein executed and delivered A10's standard form of Employment, Confidential Information and Invention Assignment Agreement which provides, among other things, that he will refrain from any

6

> improper use or disclosure of any confidential information of any former employer. A10 has no reason to believe . . . that there has been any violation of this commitment.

*Id.* The court observed that this letter, reflecting an agreement between Mr. Stein and A10 that Mr. Stein would not disclose any confidential information of any former employer, "simply does not support, but rather contradicts," the inference that Mr. Stein had shared his knowledge of the patents-in-suit with A10. *Id.* at *4. The court concluded that the second theory "appear[ed] to be based on mere speculation." *Id.* at *3.

In contrast with the pre-suit knowledge claim in *Radware*, Finjan's claim of pre-suit knowledge is based on specific allegations that Sophos "knew of, was in possession of, analyzed and had used" a particular patented technology, and that Sophos "considered [this technology] to be similar to [its] product." Proposed TAC ¶¶ 50, 142. The question is whether it can be plausibly inferred based on the allegations in the Proposed TAC that Sophos had knowledge not just of the patented technology but also of the underlying patents. In light of the allegations that Sophos "was in possession of, analyzed and had used" the Vital Security Web Appliance with the Vital Security ISA Connector, that Sophos "considered [this technology] to be similar to [its] product," and that the supporting documentation for the technology provided notice of the patents, plus the absence of any facts that "contradict[t] [the] inference" of pre-suit knowledge of the patents, I am satisfied that the inference is plausible here, not "mere speculation." *Radware*, 2013 WL 5373305, at *3-4. Finjan has "ma[d]e out the barest factual assertion of [pre-suit] knowledge" of the '780 and '844 patents. *Johnstech*, 2015 WL 2062223, at *2.

Next, Sophos attacks the printout of a Finjan webpage, obtained through the Wayback Machine website, that Finjan submits in conjunction with its motion. *See* Opp. at 3-4; *see also* Lee Decl. ¶ 8, Ex. 3 (Dkt. No. 110-16). The printout indicates that around the time that Sophos was allegedly analyzing and using the Vital Security Web Appliance with the Vital Security ISA Connector, Finjan was posting online documentation for the Vital Security ISA Connector that referenced the '780 and '844 patents. *See* Lee Decl. Ex. 3. Sophos argues that "courts uniformly hold that, without proper authentication, documents from the Wayback Machine . . . are not evidence." Opp. at 3. At a different phase of the proceedings, this argument might have some

7

traction. At this juncture, it is not persuasive. Finjan does not submit the printout as evidence or attach it to the Proposed TAC as an exhibit. Finjan merely points to the printout in its motion "to show [its] good faith basis in alleging that Sophos had . . . pre-suit knowledge of the ['780 and '844 patents]." Reply at 5 (Dkt. No. 120-4). The Wayback Machine printout is not material to my determination of the merits of Finjan's motion for leave to amend, and neither is Sophos's objection to it.

Finally, Sophos argues that the proposed willful infringement allegations do not satisfy the *Seagate* standard for proving willful infringement, i.e., that there was an objectively high likelihood of infringement of which Sophos knew or should have known. *See* Opp. at 4-6; *see also Seagate*, 497 F.3d at 1368. But courts in this district have repeatedly held that Seagate "address[es] the requirements for proving, not pleading, willful infringement." *Johnstech*, 2015 WL 2062223, at *3; *see also Emblaze Ltd. v. Apple Inc.*, No. 11-cv-01079-SBA, 2012 WL 5940782, at *8 (N.D. Cal. Nov. 27, 2012) ("*Seagate* is distinguishable because it addresses what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter."); *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 903 (N.D. Cal. 2011) ("Other district courts agree that *Seagate* did not substantively alter the pleading requirements for a willful infringement claim.") (citing cases). Like its Wayback Machine argument, Sophos's *Seagate* argument "come[s] too early in these proceedings." *Johnstech*, 2015 WL 2062223, at *3. Finjan's proposed amendment is not futile.

## II. ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Finjan filed two administrative motions to file under seal in conjunction with its motion for leave to amend. Dkt. Nos. 109, 120. The sole justification for sealing stated in either motion is that Sophos designated the underlying information as highly confidential. *See id.* To date, Sophos has not filed any declaration in support of sealing pursuant to Civil Local Rule 79-5(e). Accordingly, both sealing motions are DENIED. The Clerk shall UNSEAL all sealed documents filed at Dkt. Nos. 109 and 120.

## CONCLUSION

Finjan's motion for leave to amend is GRANTED. It shall file its TAC within seven days

of the date of this Order.  Finjan's two administrative motions to file under seal are DENIED.  The Clerk shall UNSEAL all sealed documents filed at Dkt. Nos. 109 and 120.

**IT IS SO ORDERED**.

Dated: November 13, 2015



WILLIAM H. ORRICK
United States District Judge