1   SEAN CUNNINGHAM (Bar No. 174931)
    sean.cunningham@dlapiper.com
2   KATHRYN RILEY GRASSO (Bar No.
    211187)
3   kathryn.riley@dlapiper.com
    **DLA PIPER LLP (US)**
4   401 B Street, Suite 1700
    San Diego, CA  92101-4297
5   Tel:  (619) 699-2700
    Fax:  (619) 699-2701
6
    SUMMER K. TORREZ (Bar No.264858)
7   summer.torrez@dlapiper.com
    KRISTA CELENTANO (Bar No. 279526)
8   krista.celentano@dlapiper.com
    **DLA PIPER LLP (US)**
9   2000 University Avenue
    East Palo Alto, CA  94303-2215
10  Tel:  650.833.2000
    Fax:  650.833.2001
11
    Attorneys for Defendant
12  SOPHOS INC.

TODD PATTERSON (*pro hac vice*)
todd.patterson@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Ste. 2500
Austin, TX 78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

ANDREW N. STEIN (*pro hac vice*)
andrew.stein@dlapiper.com
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, D.C.  20001
Tel: 202.799.4000
Fax: 202.799.5000

13

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17  FINJAN, INC.,

18                  Plaintiff,

19  v.

20  SOPHOS INC.,

21                  Defendant.

CASE NO.  3:14-cv-01197-WHO

**DEFENDANT SOPHOS INC.'S
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL**

Judge:  William H. Orrick

22

23

24

25

26

27

28

Sophos has reviewed and complied with this Court's Standing Order on Administrative Motions to File Under Seal and Civil Local Rule 79-5.  Pursuant to Civil L.R. 7-11 and 79-5, Defendant Sophos Inc. ("Sophos") submits this administrative motion for an order to seal the following documents:

| Exhibits Attached to the Declaration of Sean Cunningham in Support of Sophos's Motion for Partial Summary Judgment | |
|---|---|
| **Document** | **Content** |
| Exhibit 2 | This document was served by Finjan as the Rebuttal Expert Report of Dr. Trent Jaeger Regarding Validity of U.S. Patent Nos. 6,154,844; 7,613,926; 8,566,580; and 8,677,494.<br><br>The entirety of this exhibit was designated by Finjan as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." |
| Exhibit 11 | This document was served by Finjan as the Expert Report of Dr. Eric Cole Regarding Infringement of Sophos, Inc. of Patent Nos. 6,154,844; 7,613,918; 8,566,580; 8,677,494.<br><br>The entirety of this exhibit was designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" and contains source code for current products, Dr. Cole's explanation of how he believes such source code operates, Dr. Cole's explanation of how he believes Sophos's current products operate, and Dr. Cole's explanation of how he believes SophosLabs's internal systems operate. |
| Exhibit 12 | This document was served by Finjan as the Expert Report of Dr. Michael Mitzenmacher Regarding Infringement of Sophos, Inc. of Patent Nos. 6,804,780; 7,757,289; 8,141,154; 7,613,926.<br><br>The entirety of this exhibit was designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" and contains source code for current products, Dr. Mitzenmacher's explanation of how he believes the such source code operates, Dr. Mitzenmacher's explanation of how he believes Sophos's current products operate, and Dr. Mitzenmacher's explanation of how he believes SophosLabs's internal systems operate. |

| Exhibits Attached to the Declaration of Sean Cunningham in Support of Sophos's Motion for Partial Summary Judgment ||
|---|---|
| **Document** | **Content** |
| Exhibit 13 | This document was served by Sophos as the Rebuttal Expert Report of David Klausner Regarding Noninfringement of Patent Nos. 6,154,844; 6,804,780; 7,613,926; 8,677,494; 7,613,918; 7,757,289; 8,141,154; & 8,566,580.<br><br>The entirety of this exhibit was designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" and contains source code for current products, Mr. Klausner's explanation of how he believes such source code operates, Mr. Klausner's explanation of how he believes Sophos's current products operate, and Mr. Klausner's explanation of how he believes SophosLabs' internal systems operate. |
| Exhibit 14 | This document contains excerpts from the deposition testimony of Mark Harris, taken in connection with this litigation on November 11, 2015.<br><br>Mr. Harris is a Sophos engineer and currently Sophos's Vice President of Core Products.  The entirety of this transcript was designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and contains detailed testimony regarding the operation of SophosLabs' internal systems. |
| Exhibit 15 | This document contains excerpts from the deposition testimony of Robert Cook, taken in connection with this litigation on December 11, 2015.<br><br>Mr. Cook is a Sophos engineer and currently Senior Development Manager at Sophos.  The entirety of this transcript was designated by Sophos as "HIGHLY CONFIDENTIAL SOURCE CODE" and contains detailed testimony regarding the operation of SophosLabs' internal systems. |
| Exhibit 16 | This document contains excerpts from the deposition testimony of Fraser Howard, taken in connection with this litigation on October 27, 2015.<br><br>Mr. Howard is a Sophos engineer and currently Principal Virus Researcher at Sophos.  The entirety of this transcript was designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and contains detailed testimony regarding the operation of SophosLabs' internal systems. |

| Exhibits Attached to the Declaration of Sean Cunningham in Support of Sophos's Motion for Partial Summary Judgment | |
|---|---|
| **Document** | **Content** |
| Exhibit 18 | This document contains excerpts from the deposition testimony of Mario Magdic, taken in connection with this litigation on April 24, 2015.<br><br>Mr. Magdic is a Sophos engineer and currently Senior Software Engineer at Sophos.  The entirety of this transcript was designated by Sophos as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and contains detailed testimony regarding the operation of SophosLabs' internal systems. |
| Exhibit 19 | This document contains excerpts from the deposition testimony of Timothy Twaits, taken in connection with this litigation on April 28, 2015.<br><br>Mr. Twaits is a Sophos engineer and currently Principal Software Engineer at Sophos.  The entirety of this transcript was designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" and contains detailed testimony regarding the structure, function, and operation of current Sophos products, including Sophos's Endpoint Protection product, and explanation of how SophosLabs's internal systems operate. |
| Motion for Partial Summary Judgment | This unredacted version of Sophos's Motion for Partial Summary Judgment is filed concurrently with this Administrative Motion to File Documents Under Seal and a public redacted version of the Motion for Partial Summary Judgment.<br><br>The unredacted version of Sophos's Motion for Partial Summary Judgment contains information designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and contains argument regarding the operation of current Sophos products, and SophosLabs' internal systems. |

These exhibits, which are attached to the Declaration of Sean Cunningham in support of Sophos's Motion for Partial Summary Judgment ("Cunningham Declaration"), and the unredacted version of Sophos's Motion for Partial Summary Judgment, contain Sophos's highly confidential source code, and descriptions, explanations, and argument concerning the operation of Sophos's currently offered products operate and SophosLabs's internal systems.

/////

DLA PIPER LLP (US)

1    Specifically, Exhibit 11 attached to the Cunningham Declaration is the Expert Report of

2    Dr. Eric Cole Regarding Infringement of Sophos, Inc. of Patent Nos. 6,154,844; 7,613,918;

3    8,566,580; 8,677,494 ("Cole Report").  Exhibit 11 contains source code for current products, Dr.

4    Cole's explanation of how he believes such source code operates, Dr. Cole's explanation of how

5    he believes Sophos's current products operate, and Dr. Cole's explanation of how he believes

6    SophosLabs's internal systems operate.

7    If filed publicly, this confidential information could be used by Sophos's competitors to

8    Sophos's disadvantage, as Sophos's competitors could use the source code—that Sophos invested

9    time and resources to develop—in their own products.  Furthermore, knowledge of the specific

10   details of the operation of Sophos's currently offered products and internal proprietary

11   SophosLabs systems could be used by Sophos's competitors to Sophos's disadvantage because

12   the specific details of the operation and inner workings of Sophos's products and proprietary

13   systems are not apparent from normal consumer operation and use of Sophos's products, and

14   Sophos's competitors could use this proprietary information—that Sophos invested time and

15   resources to develop—in their own products.  Declaration of Ira Heffan in support of Sophos's

16   Administrative Motion to File Documents Under Seal ("Heffan Declaration") at ¶ 5.

17   Exhibit 12 attached to the Cunningham Declaration is the Expert Report of Dr. Michael

18   Mitzenmacher Regarding Infringement of Sophos, Inc. of Patent Nos. 6,804,780; 7,757,289;

19   8,141,154; 7,613,926 ("Mitzenmacher Report").  Exhibit 12 contains source code for current

20   products, Dr. Mitzenmacher's explanation of how he believes the such source code operates, Dr.

21   Mitzenmacher's explanation of how he believes Sophos's current products operate, and Dr.

22   Mitzenmacher's explanation of how he believes SophosLabs's internal systems operate.

23   If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

24   disadvantage, as Sophos's competitors could use the source code—that Sophos invested time and

25   resources to develop—into their own products.  Furthermore, knowledge of the specific details of

26   the operation of Sophos's currently offered products and internal proprietary SophosLabs systems

27   could be used by Sophos's competitors to Sophos's disadvantage because the specific details of

28   the operation and inner workings of Sophos's products and proprietary systems are not apparent

1   from normal consumer operation and use of Sophos's products, and Sophos's competitors could

2   use this proprietary information—that Sophos invested time and resources to develop—in their

3   own products.  Heffan Declaration at ¶ 6.

4        Exhibit 13 attached to the Cunningham Declaration is the Rebuttal Expert Report of David

5   Klausner Regarding Noninfringement of Patent Nos. 6,154,844; 6,804,780; 7,613,926; 8,677,494;

6   7,613,918; 7,757,289; 8,141,154; & 8,566,580 ("Klausner Report").  Exhibit 13 contains source

7   code for current products, Mr. Klausner's explanation of how he believes such source code

8   operates, Mr. Klausner's explanation of how he believes Sophos's current products operate, and

9   Mr. Klausner's explanation of how he believes SophosLabs' internal systems operate.

10        If filed publicly, this confidential information could be used by Sophos's competitors to

11   Sophos's disadvantage, as Sophos's competitors could use the source code—that Sophos invested

12   time and resources to develop—into their own products.  Furthermore, knowledge of the specific

13   details of the operation of Sophos's currently offered products and internal proprietary

14   SophosLabs systems could be used by Sophos's competitors to Sophos's disadvantage because

15   the specific details of the operation and inner workings of Sophos's products and proprietary

16   systems are not apparent from normal consumer operation and use of Sophos's products, and

17   Sophos's competitors could use this proprietary information—that Sophos invested time and

18   resources to develop—in their own products.   Heffan Declaration at ¶ 7.

19        Exhibit 14 attached to the Cunningham Declaration is excerpts from the deposition

20   testimony of Mark Harris taken in connection with this litigation on November 11, 2015.  Sophos

21   designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under

22   the operative protective order entered in this litigation.  Mr. Harris is a Sophos engineer and

23   currently Sophos's Vice President of Core Products.  Exhibit 14 contains highly confidential

24   testimony explaining how Sophos's internal team of Sophos threat researchers and internal

25   proprietary systems at SophosLabs—that are not sold or made available to the public—operate.

26   If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

27   disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

28   /////

1  operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and

2  resources to develop—in their own products.  Heffan Declaration at ¶ 8.

3      Exhibit 15 attached to the Cunningham Declaration is excerpts from the deposition

4  testimony of Robert Cook taken in connection with this litigation on December 11, 2015.  Sophos

5  designated this transcript as "HIGHLY CONFIDENTIAL SOURCE CODE" under the operative

6  protective order entered in this litigation.  Mr. Cook is a Sophos engineer and currently Senior

7  Development Manager at Sophos.  Exhibit 15 contains highly confidential testimony explaining

8  how Sophos's internal team of Sophos threat researchers and internal proprietary systems at

9  SophosLabs—that are not sold or made available to the public—operate.

10     If filed publicly, this confidential information could be used by Sophos's competitors to

11 Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details

12 of the operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time

13 and resources to develop—in their own products.  Heffan Declaration at ¶ 9.

14     Exhibit 16 attached to the Cunningham Declaration is excerpts from the deposition

15 testimony of Fraser Howard taken in connection with this litigation on October 27, 2015.  Mr.

16 Howard is a Sophos engineer and currently Principal Virus Researcher at Sophos.  Sophos

17 designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under

18 the operative protective order entered in this litigation.  Exhibit 16 contains highly confidential

19 testimony explaining how Sophos's internal team of Sophos threat researchers and internal

20 proprietary systems at SophosLabs—that are not sold or made available to the public—operate.

21 If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

22 disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

23 operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and

24 resources to develop—in their own products.  Heffan Declaration at ¶ 10.

25     Exhibit 18 attached to the Cunningham Declaration is excerpts from the deposition

26 testimony of Mario Magdic taken in connection with this litigation on April 24, 2015.  Mr.

27 Magdic is a Sophos engineer and currently Senior Software Engineer at Sophos.  Sophos

28 designated this transcript as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the

1    operative protective order entered in this litigation.  Exhibit 18 contains highly confidential

2    testimony explaining how Sophos's internal team of Sophos threat researchers and internal

3    proprietary systems at SophosLabs—that are not sold or made available to the public—operate.

4    If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

5    disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

6    operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and

7    resources to develop—in their own products.  Heffan Declaration at ¶ 11.

8           Exhibit 19 attached to the Cunningham Declaration is excerpts from the deposition

9    testimony of Timothy Twaits taken in connection with this litigation on April 28, 2015.  Sophos

10   designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY –

11   SOURCE CODE" under the operative protective order entered in this litigation.  Mr. Twaits is a

12   Sophos engineer and currently Principal Software Engineer at Sophos.  Exhibit 19 contains highly

13   confidential and detailed testimony regarding the structure, function, and operation of current

14   Sophos products, including Sophos's Endpoint Protection product, and explanation of how

15   Sophos's internal team of Sophos threat researchers and internal proprietary systems at

16   SophosLabs—that are not sold or made available to the public—operate.

17          If filed publicly, this confidential information could be used by Sophos's competitors to

18   Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details

19   of the operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time

20   and resources to develop—in their own products.  Heffan Declaration at ¶ 12.

21          Sophos's Motion for Summary Judgment contains Sophos's highly confidential

22   information.  Sophos does not seek to seal its Motion for Summary Judgment in its entirety.

23   Instead, Sophos seeks only to seal certain portions containing Sophos's highly confidential

24   information.  Specifically, the Motion for Summary Judgment contains highly confidential

25   information regarding how Sophos's internal team of Sophos threat researchers and internal

26   proprietary systems at SophosLabs—that are not sold or made available to the public—operate

27   (pp. 4, 12-14, 22) and how currently offered products—such as the WSA and UTM appliances—

28   operate (pp. 24-25).

1        If filed publicly, this confidential information could be used by Sophos's competitors to

2  Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details

3  of the operation of Sophos's currently offered products and internal proprietary SophosLabs

4  systems—that Sophos invested time and resources to develop—in their own products.  Heffan

5  Declaration at ¶ 13.

6        Exhibit 2 attached to the Cunningham Declaration is the Rebuttal Expert Report of Dr.

7  Trent Jaeger Regarding Validity of U.S. Patent Nos. 6,154,844; 7,613,926; 8,566,580; and

8  8,677,494 Finjan designated this report as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

9  ONLY" under the operative protective order entered in this litigation.

10        Source code is confidential information warranting sealing.  *Apple, Inc. v. Samsung Elecs.*

11  *Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a

12  compelling reason to seal source code and noting "[c]onfidential source code clearly meets the

13  definition of a trade secret").  Exhibits 11-13 contain source code for currently offered Sophos

14  products and explanation of how the source code operates.  If this confidential information were

15  disclosed, significant competitive harm could result for Sophos.  Heffan Declaration ¶¶ 5-7.

16  Competitors could use such information to recreate or reproduce certain features of Sophos's

17  products.  *Id*.  These products are proprietary to Sophos.  *Id*.  Courts have found it appropriate to

18  seal documents that contain "business information that might harm a litigant's competitive

19  standing …."  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978).  The

20  competitive harm that could result from disclosure of Sophos's confidential information warrants

21  sealing.

22        Additionally, Exhibits 11-16, 18-19 and Sophos Motion for Partial Summary Judgment

23  contain confidential information regarding the operation of Sophos's currently offered products

24  and explanation of how SophosLabs's internal systems—that are not sold or made available to the

25  public—operate.  If this confidential information were disclosed, significant competitive harm

26  could result for Sophos.  Heffan Declaration ¶¶ 5-13.  Competitors could use such information to

27  recreate or reproduce certain features of Sophos's products.  *Id*.  These products are proprietary to

28  Sophos.  *Id*.  Courts have found it appropriate to seal documents that contain "business

1    information that might harm a litigant's competitive standing …."  *See Nixon.*, 435 U.S. at 598-

2    99; *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]he

3    Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's

4    interest in disclosure and justify sealing court records exist . . . such as the use of records to . . .

5    release trade secrets."  "[A] trade secret may consist of any formula, pattern, device or

6    compilation of information which is used in one's business, and which gives him an opportunity

7    to obtain an advantage over competitors who do not know or use it.") (citations and internal

8    quotations omitted).  The competitive harm that could result from disclosure of Sophos's

9    confidential information warrants sealing.

10          Pursuant to Civil L.R. 79-5, Sophos is submitting a declaration herewith which seeks to

11   establish good cause to permit the sealing of Exhibits 2, 11-16, and 18-19 attached to the

12   Cunningham Declaration and the unredacted version of Sophos's Motion for Partial Summary

13   Judgment.

14

15   Dated:  March 30, 2016                      **DLA PIPER LLP (US)**

16
                                                 By   */s/Sean Cunningham*
17                                                    SEAN CUNNINGHAM
                                                     KATHRYN RILEY GRASSO
18                                                   TODD PATTERSON
                                                     ANDREW N. STEIN
19                                                   SUMMER K. TORREZ
                                                     Attorneys for Defendant SOPHOS INC.
20

21

22

23

24

25

26

27

28