SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700
Fax:  (619) 699-2701

SUMMER K. TORREZ (Bar No.264858)
summer.torrez@dlapiper.com
KRISTA CELENTANO (Bar No. 279526)
krista.celentano@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

TODD PATTERSON (*pro hac vice*)
todd.patterson@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Ste. 2500
Austin, TX 78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

ANDREW N. STEIN (*pro hac vice*)
andrew.stein@dlapiper.com
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, D.C.  20001
Tel: 202.799.4000
Fax: 202.799.5000

Attorneys for Defendant
SOPHOS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOPHOS INC.,<br><br>Defendant. | CASE NO.  3:14-cv-01197-WHO<br><br>**DECLARATION OF IRA HEFFAN IN SUPPORT OF DEFENDANT SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge:  William H. Orrick |

I, Ira Heffan, hereby declare:

1. I submit this declaration pursuant to Civil Local Rule 79-5(d) in support of Defendant Sophos Inc.'s ("Sophos") Administrative Motion to File Documents Under Seal to establish that certain portions of Sophos's Motion for Partial Summary Judgment ("Motion for Summary Judgment") contain Sophos's confidential information and is subject to sealing by this Court.

2. I am the Global Head of Intellectual Property at Sophos. If called as a witness, I could and would testify competently to the information set forth in this declaration.

3. The confidential information that Sophos seeks to seal includes source code for currently offered products, explanation of how the source code operates, explanation of how currently offered products operate, and explanation of how SophosLabs's internal systems operate.

4. Specifically, Exhibits 11-16, 18-19 attached to the Declaration of Sean Cunningham ("Cunningham Declaration") in Support of Sophos's Motion for Partial Summary Judgment and the Motion for Partial Summary Judgment contains Sophos's highly confidential information.

5. Exhibit 11 attached to the Cunningham Declaration is the Expert Report of Dr. Eric Cole Regarding Infringement of Sophos, Inc. of Patent Nos. 6,154,844; 7,613,918; 8,566,580; 8,677,494 ("Cole Report"). This report contains and cites to material designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" under the operative protective order entered in this litigation (Dkt. No. 41). For example, the Cole Report incorporates highly confidential source code used by Sophos's currently offered products for identity detection, which is written in Sophos's proprietary Virus Definition Language. *See e.g.,* Ex. 11 ¶ 120. The Cole Report also purports to explain how Sophos's highly confidential source code—such as Sophos's AntiVirus Engine code—operates. *Id.* ¶ 259. The Cole Report also cites to Sophos's highly confidential documents and uses such documents to explain how he believes current products operate. *Id.* ¶ 352. The Cole Report also cites to Sophos's highly confidential documents and uses such documents to explain how he believes

DLA Piper LLP (US)
East Palo Alto
WEST\268769959.3

-1-

HEFFAN DECLARATION ISO
SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 13-CV-01197-WHO

Sophos's internal team of Sophos threat researchers and internal proprietary systems—that are not sold or made available to the public—operate. *Id.* ¶ 261. If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the source code—that Sophos invested time and resources to develop—in their own products. Furthermore, knowledge of the specific details of the operation of Sophos's currently offered products and internal proprietary SophosLabs systems could be used by Sophos's competitors to Sophos's disadvantage because the specific details of the operation and inner workings of Sophos's products and proprietary systems are not apparent from normal consumer operation and use of Sophos's products, and Sophos's competitors could use this proprietary information—that Sophos invested time and resources to develop—in their own products.

6. Exhibit 12 attached to the Cunningham Declaration is the Expert Report of Dr. Michael Mitzenmacher Regarding Infringement of Sophos, Inc. of Patent Nos. 6,804,780; 7,757,289; 8,141,154; 7,613,926 ("Mitzenmacher Report"). This report contains and cites to material designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" under the operative protective order entered in this litigation. For example, the Mitzenmacher Report incorporates highly confidential source code used by Sophos's currently offered products for identity detection, which is written in Sophos's proprietary Virus Definition Language. *See e.g.,* Ex. 12 ¶ 126. The Mitzenmacher Report also purports to explain how Sophos's highly confidential source code—such as Sophos's AntiVirus Engine and Sophos Web Intelligence Filter code—operates. *Id.* ¶¶ 366-368. The Mitzenmacher Report also cites to Sophos's highly confidential documents and uses such documents to explain how he believes current products operate. *Id.* ¶ 127. The Mitzenmacher Report also cites to Sophos's highly confidential documents and uses such documents to explain how he believes Sophos's internal team of Sophos threat researchers and internal proprietary systems—that are not sold or made available to the public—operate. *Id.* ¶¶ 214-215. If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the source code—that Sophos invested time and resources to develop—into their own

-2-

DLA Piper LLP (US)
East Palo Alto

WEST\268769959.3

HEFFAN DECLARATION ISO
SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 13-CV-01197-WHO

1 products. Furthermore, knowledge of the specific details of the operation of Sophos's currently
2 offered products and internal proprietary SophosLabs systems could be used by Sophos's
3 competitors to Sophos's disadvantage because the specific details of the operation and inner
4 workings of Sophos's products and proprietary systems are not apparent from normal consumer
5 operation and use of Sophos's products, and Sophos's competitors could use this proprietary
6 information—that Sophos invested time and resources to develop—in their own products.

7  7. Exhibit 13 attached to the Cunningham Declaration is the Rebuttal Expert Report
8 of David Klausner Regarding Noninfringement of Patent Nos. 6,154,844; 6,804,780; 7,613,926;
9 8,677,494; 7,613,918; 7,757,289; 8,141,154; & 8,566,580 ("Klausner Report"). This report
10 contains and cites to material designated by Sophos as "HIGHLY CONFIDENTIAL -
11 ATTORNEYS' EYES ONLY - SOURCE CODE" under the operative protective order entered in
12 this litigation. For example, the Klausner Report provides specific code operations, line numbers
13 of code, path information, and description of that code's importance to Sophos's currently offered
14 UTM products for site-to-site VPN configurations. *See e.g.,* Ex. 13 ¶¶ 476-480. The Klausner
15 Report also explains how Sophos's highly confidential source code—such as Sophos's Endpoint
16 Products' code for processing inbound HTTP responses—operates. *Id.* ¶¶ 373-384. The
17 Klausner Report also cites to Sophos's highly confidential documents and uses such documents to
18 explain how he believes current products—such as the Sophos AntiVirus Engine—operate. *Id.* ¶¶
19 240-255. The Klausner Report also cites to Sophos's highly confidential documents and
20 testimony and uses such documents and testimony to explain how he believes Sophos's internal
21 team of Sophos threat researchers and internal proprietary systems—that are not sold or made
22 available to the public—operate. *Id.* ¶¶ 486-512. If filed publicly, this confidential information
23 could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could
24 use the source code—that Sophos invested time and resources to develop—into their own
25 products. Furthermore, knowledge of the specific details of the operation of Sophos's currently
26 offered products and internal proprietary SophosLabs systems could be used by Sophos's
27 competitors to Sophos's disadvantage because the specific details of the operation and inner
28 workings of Sophos's products and proprietary systems are not apparent from normal consumer

-3-

DLA Piper LLP (US)
East Palo Alto

WEST\268769959.3

HEFFAN DECLARATION ISO
SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 13-CV-01197-WHO

1  operation and use of Sophos's products, and Sophos's competitors could use this proprietary
2  information—that Sophos invested time and resources to develop—in their own products.

3      8.    Exhibit 14 attached to the Cunningham Declaration is excerpts from the deposition
4  testimony of Mark Harris taken in connection with this litigation on November 11, 2015.  Sophos
5  designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under
6  the operative protective order entered in this litigation.  Mr. Harris is a Sophos engineer and
7  currently Sophos's Vice President of Core Products.  Exhibit 14 contains highly confidential
8  testimony explaining how Sophos's internal team of Sophos threat researchers and internal
9  proprietary systems at SophosLabs—that are not sold or made available to the public—operate.
10 If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's
11 disadvantage, as Sophos's competitors could use the knowledge of the specific details of the
12 operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and
13 resources to develop—in their own products.

14     9.    Exhibit 15 attached to the Cunningham Declaration is excerpts from the deposition
15 testimony of Robert Cook taken in connection with this litigation on December 11, 2015.  Sophos
16 designated this transcript as "HIGHLY CONFIDENTIAL SOURCE CODE" under the operative
17 protective order entered in this litigation.  Mr. Cook is a Sophos engineer and currently Senior
18 Development Manager at Sophos.  Exhibit 15 contains highly confidential testimony explaining
19 how Sophos's internal team of Sophos threat researchers and internal proprietary systems at
20 SophosLabs—that are not sold or made available to the public—operate.  If filed publicly, this
21 confidential information could be used by Sophos's competitors to Sophos's disadvantage, as
22 Sophos's competitors could use the knowledge of the specific details of the operation of Sophos's
23 internal proprietary SophosLabs systems—that Sophos invested time and resources to develop—
24 in their own products.

25     10.    Exhibit 16 attached to the Cunningham Declaration is excerpts from the deposition
26 testimony of Fraser Howard taken in connection with this litigation on October 27, 2015.  Sophos
27 designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under
28 the operative protective order entered in this litigation.  Mr. Howard is a Sophos engineer and

-4-

DLA Piper LLP (US)
East Palo Alto

WEST\268769959.3

HEFFAN DECLARATION ISO
SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 13-CV-01197-WHO

1 currently Principal Virus Researcher at Sophos. Exhibit 16 contains highly confidential

2 testimony explaining how Sophos's internal team of Sophos threat researchers and internal

3 proprietary systems at SophosLabs—that are not sold or made available to the public—operate.

4 If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

5 disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

6 operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and

7 resources to develop—in their own products.

8    11.    Exhibit 18 attached to the Cunningham Declaration is excerpts from the deposition

9 testimony of Mario Magdic taken in connection with this litigation on April 24, 2015. Sophos

10 designated this transcript as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the

11 operative protective order entered in this litigation. Mr. Magdic is a Sophos engineer and

12 currently Senior Software Engineer at Sophos. Exhibit 18 contains highly confidential testimony

13 explaining how Sophos's internal team of Sophos threat researchers and internal proprietary

14 systems at SophosLabs—that are not sold or made available to the public—operate. If filed

15 publicly, this confidential information could be used by Sophos's competitors to Sophos's

16 disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

17 operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and

18 resources to develop—in their own products.

19    12.    Exhibit 19 attached to the Cunningham Declaration is excerpts from the deposition

20 testimony of Timothy Twaits taken in connection with this litigation on April 28, 2015. Sophos

21 designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY –

22 SOURCE CODE" under the operative protective order entered in this litigation. Mr. Twaits is a

23 Sophos engineer and currently Principal Software Engineer at Sophos. Exhibit 19 contains highly

24 confidential testimony explaining how Sophos's internal team of Sophos threat researchers and

25 internal proprietary systems at SophosLabs—that are not sold or made available to the public—

26 operate. If filed publicly, this confidential information could be used by Sophos's competitors to

27 Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details

28 of the operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time

DLA Piper LLP (US)
East Palo Alto
WEST\268769959.3
-5-
HEFFAN DECLARATION ISO
SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 13-CV-01197-WHO

and resources to develop—in their own products.

13. Sophos's Motion for Summary Judgment contains Sophos's highly confidential information. Sophos does not seek to seal its Motion for Summary Judgment in its entirety. Instead, Sophos seeks only to seal certain portions containing Sophos's highly confidential information. Specifically, the Motion for Summary Judgment contains highly confidential information regarding how Sophos's internal team of Sophos threat researchers and internal proprietary systems at SophosLabs—that are not sold or made available to the public—operate (pp. 4, 12-14, 22) and how currently offered products—such as the ISA Plugin and UTM Products—operate (pp. 24-25). If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details of the operation of Sophos's currently offered products and internal proprietary SophosLabs systems—that Sophos invested time and resources to develop—in their own products.

WHEREFORE, I respectfully request that the Court issue the attached [Proposed] Order granting Sophos's Administrative Motion to File Documents Under Seal and sealing the unredacted versions of Exhibits 11-16, 18-19 to the Cunningham Declaration and the Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed on March 30, 2016, at Abingdon, UK.

_____
Ira Heffan

DLA Piper LLP (US)
East Palo Alto
WEST\268769959.3
-6-
HEFFAN DECLARATION ISO
SOPHOS INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 13-CV-01197-WHO