SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700
Fax:  (619) 699-2701

SUMMER K. TORREZ (Bar No.264858)
summer.torrez@dlapiper.com
KRISTA CELENTANO (Bar No. 279526)
krista.celentano@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendant
SOPHOS INC.

TODD PATTERSON (*pro hac vice*)
todd.patterson@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Ste. 2500
Austin, TX 78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

ANDREW N. STEIN (*pro hac vice*)
andrew.stein@dlapiper.com
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, D.C.  20001
Tel: 202.799.4000
Fax: 202.799.5000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FINJAN, INC.,

            Plaintiff,

v.

SOPHOS INC.,

            Defendant.

CASE NO.  3:14-cv-01197-WHO

**DECLARATION OF IRA HEFFAN IN SUPPORT OF PLAINTIFF FINJAN, INC.'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL**

Judge:  William H. Orrick

1    I, Ira Heffan, hereby declare:

2       1.      I submit this declaration pursuant to Civil Local Rule 79-5(d)(1)(A) and 79-5(e) in

3    support of Plaintiff Finjan, Inc.'s ("Finjan") Administrative Motion to File Documents Under

4    Seal (Dkt. No. 142) to establish that certain portions of Finjan's Notice Motion and Motion for

5    Summary Judgment of Infringement and Validity ("Finjan's Motion for Summary Judgment")

6    and exhibits thereto contain Defendant Sophos Inc.'s ("Sophos") confidential information and are

7    subject to sealing by this Court.

8       2.      I further submit this declaration pursuant to Civil Local Rule 79-5(d)(1)(A) and

9    79-5(e) in support of Finjan, Inc.'s Notice of Administrative Motion and Motion to File

10   Documents Under Seal (Dkt. No. 145) to establish that certain exhibits attached to the Joint

11   Statement of Discovery Dispute (Dkt. No. 146) contain Sophos's confidential information and are

12   subject to sealing by this Court.

13      3.      I am the Global Head of Intellectual Property at Sophos.  If called as a witness, I

14   could and would testify competently to the information set forth in this declaration.

15      4.      The confidential information that Sophos seeks to seal includes source code for

16   currently offered products, explanation of how the source code operates, explanation of how

17   currently offered products operate, explanation of how SophosLabs's internal systems operate,

18   and confidential data regarding sales of currently offered products.

19      5.      Specifically, in regard to Finjan's Motion for Summary Judgment, portions of

20   Finjan's Motion for Summary Judgment and Exhibits 5, 14-27, 29, and 32-33  attached to the

21   Declaration of Kristopher Kastens ("Kastens Declaration") in Support of Finjan's Motion for

22   Summary Judgment contain Sophos's highly confidential information.

23      6.      Finjan's Motion for Summary Judgment contains Sophos's highly confidential

24   information.  Finjan's Motion for Summary Judgment contains and cites to material designated

25   by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE"

26   under the operative protective order entered in this litigation (Dkt. No. 41).  Specifically, Finjan's

27   Motion for Summary Judgment contains highly confidential information regarding how Finjan

28   believes Sophos's internal team of Sophos threat researchers and internal proprietary systems at

SophosLabs—that are not sold or made available to the public—operate (pp. 5-7, 9-10, 12-18), and how Finjan believes currently offered products—such as the Sophos Antivirus Engine and UTM Products—operate (pp. 5-6, 9-15).  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details of the operation of Sophos's currently offered products and internal proprietary SophosLabs systems—that Sophos invested time and resources to develop— in their own products.

7.      Exhibit 5 attached to the Kastens Declaration is excerpts from the deposition testimony of Robert Cook taken in connection with this litigation on December 11, 2015.  Sophos designated this transcript as "HIGHLY CONFIDENTIAL SOURCE CODE" under the operative protective order entered in this litigation.  Mr. Cook is a Sophos engineer and currently Senior Development Manager at Sophos.  Exhibit 15 contains highly confidential testimony explaining the development of Sophos's ISA Plugin for WSA Products.  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details of the development of Sophos's currently offered products—that Sophos invested time and resources to develop—in their own products.

8.      Exhibit 14 attached to the Kastens Declaration is a document entitled "Sophos Functional Specification for Project Fizz," produced by Sophos bearing bates numbers 1197SOPHOS_00340774 – 1197SOPHOS_00340788.  Sophos designated this document as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective order entered in this litigation.  Exhibit 14 contains highly confidential information and specific details regarding the architecture and operation of Sophos's currently offered products utilizing Sophos's proprietary SXL technology for "off-box" lookups.  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the specific details of the operation and inner workings of Sophos's currently offered products and SXL technology—that are not apparent from normal consumer

/////

1   operation and use of Sophos's products and that Sophos invested time and resources to develop—

2   in their own products.

3        9.      Exhibit 15 attached to the Kastens Declaration is excerpts from the Expert Report

4   of Dr. Michael Mitzenmacher Regarding Infringement of Sophos, Inc. of Patent Nos. 6,804,780;

5   7,757,289; 8,141,154; 7,613,926 ("the Mitzenmacher Report") and Exhibit 1 to the Mitzenmacher

6   Report, attached thereto.  This report and Exhibit 1 attached thereto contains and cites to material

7   designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -

8   SOURCE CODE" under the operative protective order entered in this litigation.  For example, the

9   Mitzenmacher Report cites to Sophos's highly confidential documents and uses such documents

10  to explain how he believes current Sophos products and proprietary technologies—such as

11  Sophos's UTM Products and AntiVirus Engine and SXL proprietary technologies—operate.  *See*

12  *e.g.,* Ex. 15, ¶¶ 109-111, 133-135, 166-174.  The Mitzenmacher Report also cites to Sophos's

13  highly confidential documents and uses such documents to explain how he believes Sophos's

14  internal team of Sophos threat researchers and internal proprietary systems—that are not sold or

15  made available to the public—operate.  *Id.* ¶¶ 175-176.  Exhibit 1 to the Mitzenmacher Report

16  also quotes to deposition testimony of Sophos employees—such as Mark Harris, Sophos's Vice

17  President of Core Products—to explain how Dr. Mitzenmacher believes Sophos's products and

18  internal proprietary SophosLabs systems operate.  If filed publicly, this confidential information

19  could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could

20  use the knowledge of the specific details of the operation of Sophos's currently offered products

21  and internal proprietary SophosLabs systems—which are not apparent from normal consumer

22  operation and use of Sophos's products and which Sophos invested time and resources to

23  develop—in their own products.

24       10.     Exhibit 16 attached to the Kastens Declaration  contains excerpts from the

25  deposition testimony of Mark Harris taken in connection with this litigation on April 28, 2015.

26  Sophos designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

27  under the operative protective order entered in this litigation.  Mr. Harris is a Sophos engineer and

28  currently Sophos's Vice President of Core Products.  Exhibit 16 contains highly confidential

1    testimony providing specific details regarding the architecture and operation of Sophos's

2    currently offered products utilizing Sophos's proprietary SXL technology.  If filed publicly, this

3    confidential information could be used by Sophos's competitors to Sophos's disadvantage, as

4    Sophos's competitors could use the knowledge of the specific details of the operation of Sophos's

5    proprietary SXL technology—which is not apparent from normal consumer operation and use of

6    Sophos's products and which Sophos invested time and resources to develop—in their own

7    products.

8            11.    Exhibit 17 attached to the Kastens Declaration is excerpts from the deposition

9    testimony of Mark Harris taken in connection with this litigation on November 11, 2015.  Sophos

10   designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under

11   the operative protective order entered in this litigation.  Mr. Harris is a Sophos engineer and

12   currently Sophos's Vice President of Core Products.  Exhibit 17 contains highly confidential

13   testimony explaining how Sophos's products, SXL proprietary technology, and internal

14   proprietary SophosLabs systems operate.  If filed publicly, this confidential information could be

15   used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the

16   knowledge of the specific details of the operation of Sophos's products, proprietary SXL

17   technology, and SophosLabs internal systems—which are not apparent from normal consumer

18   operation and use of Sophos's products and which Sophos invested time and resources to

19   develop—in their own products.

20           12.    Exhibit 18 attached to the Kastens Declaration is excerpts from the deposition

21   testimony of Dr. Árpád Pethö taken in connection with this litigation on November 12, 2015.

22   Sophos designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

23   under the operative protective order entered in this litigation.  Dr. Pethö is currently Development

24   Manager at Sophos.  Exhibit 18 contains highly confidential testimony explaining how Sophos's

25   products, SXL proprietary technology, and internal proprietary SophosLabs systems operate.  If

26   filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

27   disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

28   operation of Sophos's products, proprietary SXL technology, and SophosLabs internal systems—

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\268856373.2

HEFFAN DECLARATION ISO FINJAN'S ADMIN MOTIONS TO FILE UNDER SEAL
CASE NO. 13-CV-01197-WHO

1    which are not apparent from normal consumer operation and use of Sophos's products and which

2    Sophos invested time and resources to develop—in their own products.

3        13.    Exhibit 19 attached to the Kastens Declaration is excerpts from the deposition

4    testimony of Mario Magdic taken in connection with this litigation on April 24, 2015.  Sophos

5    designated this transcript as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the

6    operative protective order entered in this litigation.  Mr. Magdic is a Sophos engineer and

7    currently Senior Software Engineer at Sophos.  Exhibit 19 contains highly confidential testimony

8    explaining how Sophos's internal team of Sophos threat researchers and internal proprietary

9    systems at SophosLabs—that are not sold or made available to the public—operate.  If filed

10   publicly, this confidential information could be used by Sophos's competitors to Sophos's

11   disadvantage, as Sophos's competitors could use the knowledge of the specific details of the

12   operation of Sophos's internal proprietary SophosLabs systems—that Sophos invested time and

13   resources to develop—in their own products.

14       14.    Exhibit 20 attached to the Kastens Declaration is a document entitled "Sophos sav

15   interface Software Development Kit," produced by Sophos bearing bates numbers

16   1197SOPHOS_00795799 – 1197SOPHOS_00795811.  Sophos designated this document as

17   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective

18   order entered in this litigation.  Exhibit 20 contains highly confidential information and specific

19   details regarding the architecture and operation of Sophos's currently offered products utilizing

20   Sophos's proprietary SXL ("Live Protection") technology for "off-box" lookups.  If filed publicly,

21   this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as

22   Sophos's competitors could use the specific details of the operation and inner workings of

23   Sophos's currently offered products and SXL technology—that are not apparent from normal

24   consumer operation and use of Sophos's products and that Sophos invested time and resources to

25   develop—in their own products.

26       15.    Exhibit 21 attached to the Kastens Declaration is a document entitled "Engineering

27   Office Budapest: SXL4.0 overview," produced by Sophos bearing bates numbers

28   1197SOPHOS_01743126 – 1197SOPHOS_01743130.  Sophos designated this document as

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective order entered in this litigation.  Exhibit 21 contains highly confidential information and specific details regarding the architecture and operation of Sophos's currently offered products utilizing Sophos's proprietary SXL technology and how Sophos's internal team of Sophos threat researchers and internal proprietary systems at SophosLabs—that are not sold or made available to the public—operate.  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the specific details of the operation and inner workings of Sophos's currently offered products and SXL and SophosLabs technology—that are not apparent from normal consumer operation and use of Sophos's products and that Sophos invested time and resources to develop—in their own products.

16.     Exhibit 22 attached to the Kastens Declaration is excerpts from the Expert Report of Dr. Eric Cole Regarding Infringement of Sophos, Inc. of Patent Nos. 6,154,844; 7,613,918; 8,566,580; 8,677,494 ("the Cole Report") and Exhibit 3, attached thereto.  This report contains and cites to material designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" under the operative protective order entered in this litigation. For example, the Cole Report cites to Sophos's highly confidential documents and uses such documents to explain how he believes current Sophos products and proprietary technologies— such as Sophos's UTM and Endpoint Products and AntiVirus Engine and SXL proprietary technologies—operate. *See e.g.,* Ex. 22, ¶¶ 773-774, 783, 795- 797.  The Cole Report also cites to Sophos's highly confidential documents and uses such documents to explain how he believes Sophos's internal team of Sophos threat researchers and internal proprietary systems—that are not sold or made available to the public—operate.  *Id.* ¶¶ 176-177, 788-794, 814-815.  Exhibit 3 to the Cole Report also incorporates highly confidential source code used by Sophos's currently offered products for suspicious behavior detection and source code for the SophosLabs internal systems—not offered or sold to the public.  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the knowledge of the specific details of and source code for the operation of Sophos's currently offered products and internal proprietary SophosLabs systems—which are not apparent from

1    normal consumer operation and use of Sophos's products and which Sophos invested time and

2    resources to develop—in their own products.

3           17.    Exhibit 23 attached to the Kastens Declaration is excerpts from the deposition

4    testimony of Fraser Howard taken in connection with this litigation on October 27, 2015.  Sophos

5    designated this transcript as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under

6    the operative protective order entered in this litigation.  Mr. Howard is a Sophos engineer and

7    currently Principal Virus Researcher at Sophos.  Exhibit 23 contains highly confidential

8    testimony explaining how Sophos's internal team of Sophos threat researchers and internal

9    proprietary systems at SophosLabs—that are not sold or made available to the public—operate.

10   Exhibit 23 also contains highly confidential testimony explaining how Sophos threat researchers,

11   like Mr. Howard, write code for threat identity detection and prevention.  If filed publicly, this

12   confidential information could be used by Sophos's competitors to Sophos's disadvantage, as

13   Sophos's competitors could use the knowledge of the specific details of the operation of Sophos's

14   internal proprietary SophosLabs systems—that Sophos invested time and resources to develop—

15   in their own products.

16          18.    Exhibit 24 attached to the Kastens Declaration is a document entitled "NSG

17   Security Leadership, Jan 2014 – Lab's Perspective," produced by Sophos bearing bates numbers

18   1197SOPHOS_01343378 – 1197SOPHOS_01343386.  Sophos designated this document as

19   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective

20   order entered in this litigation.  Exhibit 24 contains highly confidential information and specific

21   details regarding the architecture and operation of Sophos's currently offered products utilizing

22   Sophos's proprietary SXL technology and the operation of internal proprietary systems at

23   SophosLabs—that are not sold or made available to the public—and the activities of Sophos's

24   internal team of Sophos threat researchers.  If filed publicly, this confidential information could

25   be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use

26   the specific details of the operation and inner workings of Sophos's currently offered products

27   and SXL technology and internal proprietary SophosLabs systems—that are not apparent from

28   /////

1    normal consumer operation and use of Sophos's products and that Sophos invested time and

2    resources to develop—in their own products.

3          19.    Exhibit 25 attached to the Kastens Declaration is a document entitled "New BPA

4    and SophosLabs – Processes and tools," produced by Sophos bearing bates number

5    1197SOPHOS_01077055 – 1197SOPHOS_01077070.  Sophos designated this document as

6    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective

7    order entered in this litigation.  Exhibit 25 contains highly confidential information and specific

8    details regarding the architecture and operation of Sophos's internal proprietary systems at

9    SophosLabs—that are not sold or made available to the public—and the activities of Sophos's

10   internal team of Sophos threat researchers.  Exhibit 25 also contains highly confidential

11   information about the structure of Sophos's proprietary Security Threat Description Language.  If

12   filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

13   disadvantage, as Sophos's competitors could use the specific details of the operation and inner

14   workings of Sophos's internal proprietary SophosLabs systems and proprietary Security Threat

15   Description Language—that are not apparent from normal consumer operation and use of

16   Sophos's products and that Sophos invested time and resources to develop—in their own products.

17         20.    Exhibit 26 attached to the Kastens Declaration is a document entitled "The

18   Warzone: automated malware analysis system," produced by Sophos bearing bates number

19   1197SOPHOS_00578869 – 1197SOPHOS_00578881.  Sophos designated this document as

20   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective

21   order entered in this litigation.  Exhibit 26 contains highly confidential information and specific

22   details regarding the architecture and operation of Sophos's internal proprietary systems at

23   SophosLabs—that are not sold or made available to the public—and the activities of Sophos's

24   internal team of Sophos threat researchers.  If filed publicly, this confidential information could

25   be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use

26   the specific details of the operation and inner workings of Sophos's internal proprietary

27   SophosLabs systems—that are not apparent from normal consumer operation and use of Sophos's

28   products and that Sophos invested time and resources to develop—in their own products.

21.     Exhibit 27 attached to the Kastens Declaration is an e-mail from Fraser Howard dated October 18, 2013 and produced by Sophos bearing bates number 1197SOPHOS_01290025 – 1197SOPHOS_01290027.  Mr. Howard is a Sophos engineer and currently Principal Virus Researcher at Sophos.  Sophos designated this document as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective order entered in this litigation.  Exhibit 27 contains highly confidential information and specific details regarding the operation of Sophos's internal proprietary systems at SophosLabs—that are not sold or made available to the public—and the activities of Sophos's internal team of Sophos threat researchers, such as Mr. Howard.  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could use the specific details of the operation and inner workings of Sophos's internal proprietary SophosLabs systems and activities of threat researchers—that are not apparent from normal consumer operation and use of Sophos's products and that Sophos invested time and resources to develop—in their own products.

22.     Exhibit 29 attached to the Kastens Declaration is the Rebuttal Expert Report of David Klausner Regarding Noninfringement of Patent Nos. 6,154,844; 6,804,780; 7,613,926; 8,677,494; 7,613,918; 7,757,289; 8,141,154; & 8,566,580 ("Klausner Report").  This report contains and cites to material designated by Sophos as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" under the operative protective order entered in this litigation.  For example, the Klausner Report provides specific description of Sophos's source code and its importance to operation of Sophos's products and SXL technology.  *See e.g.,* Ex. 29 ¶¶ 455-456.  The Klausner Report also cites to Sophos's highly confidential documents and uses such documents to explain how he believes current products and proprietary technologies—such as the Sophos AntiVirus Engine and SXL proprietary technology—operate.  *Id.* ¶¶ 242-246, 392-397.  The Klausner Report also cites to Sophos's highly confidential documents and testimony and uses such documents and testimony to explain how he believes Sophos's internal team of Sophos threat researchers and internal proprietary systems—that are not sold or made available to the public—operate.  *Id.* ¶¶ 457-459, 489-512.  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's disadvantage, as Sophos's competitors could

-9-

1    use the source code—that Sophos invested time and resources to develop—into their own

2    products.  Furthermore, knowledge of the specific details of the operation of Sophos's currently

3    offered products and internal proprietary SophosLabs systems could be used by Sophos's

4    competitors to Sophos's disadvantage because the specific details of the operation and inner

5    workings of Sophos's products and proprietary systems are not apparent from normal consumer

6    operation and use of Sophos's products, and Sophos's competitors could use this proprietary

7    information—that Sophos invested time and resources to develop—in their own products.

8         23.    Exhibit 32 attached to the Kastens Declaration is a document entitled "Engineering

9    Office Budapest: SXL4.0 overview – Detail concept plan," produced by Sophos bearing bates

10   numbers 1197SOPHOS_01743193 – 1197SOPHOS_01743222.  Sophos designated this

11   document as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative

12   protective order entered in this litigation.  Exhibit 32 contains highly confidential information and

13   specific details regarding the architecture and operation of Sophos's currently offered products

14   utilizing Sophos's proprietary SXL technology and how Sophos's internal team of Sophos threat

15   researchers and internal proprietary systems at SophosLabs—that are not sold or made available

16   to the public—operate.  If filed publicly, this confidential information could be used by Sophos's

17   competitors to Sophos's disadvantage, as Sophos's competitors could use the specific details of

18   the operation and inner workings of Sophos's currently offered products and SXL and

19   SophosLabs technology—that are not apparent from normal consumer operation and use of

20   Sophos's products and that Sophos invested time and resources to develop—in their own products.

21        24.    Exhibit 33 attached to the Kastens Declaration is a document entitled "Engineering

22   Office Budapest: SXL4.4 – Zarquon – Design Notes," produced by Sophos bearing bates

23   numbers 1197SOPHOS_01743144 – 1197SOPHOS_01743161.  Sophos designated this

24   document as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative

25   protective order entered in this litigation.  Exhibit 33 contains highly confidential information and

26   specific details regarding the architecture and operation of Sophos's currently offered products

27   utilizing Sophos's proprietary SXL technology and how Sophos's internal team of Sophos threat

28   researchers and internal proprietary systems at SophosLabs—that are not sold or made available

1  to the public—operate.  If filed publicly, this confidential information could be used by Sophos's

2  competitors to Sophos's disadvantage, as Sophos's competitors could use the specific details of

3  the operation and inner workings of Sophos's currently offered products and SXL and

4  SophosLabs technology—that are not apparent from normal consumer operation and use of

5  Sophos's products and that Sophos invested time and resources to develop—in their own products.

6       25.     WHEREFORE, I respectfully request that the Court issue in part Finjan's

7  [Proposed] Order Granting Finjan Inc.'s Notice of Administrative Motion and Motion to File

8  Documents Under Seal (Dkt. No. 142-2) and seal the unredacted versions of Exhibits 5, 14-27, 29,

9  32-33 to the Kastens Declaration and the unredacted version of Finjan's Motion for Summary

10  Judgment.

11       26.     In regard to the Joint Statement of Discovery Dispute, Exhibit 3 attached to the

12  Joint Statement of Discovery Dispute contain Sophos's highly confidential information.

13       27.     Exhibit 3 attached to the Joint Statement of Discovery Dispute (Dkt. No. 146) is

14  Sophos's First Supplemental Response to Interrogatory No. 24.  Sophos designated this document

15  as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the operative protective

16  order entered in this litigation.  Exhibit 3 to the Joint Statement of Discovery Dispute contains

17  highly confidential information and specific data regarding the number of units sold and the

18  license activations for Sophos's currently offered UTM Products and Web and Email Appliances.

19  If filed publicly, this confidential information could be used by Sophos's competitors to Sophos's

20  disadvantage, as Sophos's competitors could use the specific sales data of the number of units

21  sold and license activations for Sophos's currently offered products as competitive intelligence in

22  order to win business away from Sophos's current or potential customers.

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

1    28.    WHEREFORE, I respectfully request that the Court issue in part Finjan's

2    [Proposed] Order Granting Plaintiff Finjan, Inc.'s Notice of Administrative Motion and Motion to

3    File Documents Under Seal (Dkt. No. 145-2) and seal Exhibit 3 attached to the Joint Statement of

4    Discovery Dispute (Dkt. No. 146).

5        I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.  This declaration is executed on April 4, 2016, at Burlington, MA.

7

8

9    _____
     Ira Heffan

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28