# APPENDIX C-2

SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701

SUMMER K. TORREZ (Bar No. 264858)
summer.torrez@dlapiper.com
KRISTA CELENTANO (Bar No. 279526)
krista.celentano@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

TODD PATTERSON (*pro hac vice*)
todd.patterson@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Ste. 2500
Austin, TX 78701-3799
Tel: 512.457.7000
Fax: 512.457.7001

ANDREW N. STEIN (*pro hac vice*)
andrew.stein@dlapiper.com
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, D.C. 20001
Tel: 202.799.4000
Fax: 202.799.5000

Attorneys for Defendant
SOPHOS INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FINJAN, INC., a corporation,<br><br>        Plaintiff,<br>v.<br><br>SOPHOS INC., a corporation,<br><br>        Defendant. | CASE NO. 3:14-cv-01197-WHO<br><br>**DEFENDANT SOPHOS INC.'S PROPOSED VERDICT FORM** |

DLA PIPER LLP (US)
SAN DIEGO

WEST\269889336.2

Defendant SOPHOS INC. hereby submits the attached proposed jury verdict form.

Dated: July 25, 2016

                      DLA PIPER LLP (US)

                      By: */s/ Sean C. Cunningham*
                          SEAN CUNNINGHAM
                          KATHRYN RILEY GRASSO
                          TODD PATTERSON
                          ANDREW N. STEIN
                          SUMMER K. TORREZ
                          KRISTA CELENTANO

                      Attorneys for Defendant SOPHOS INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| FINJAN, INC., a corporation,<br><br>            Plaintiff,<br>v.<br><br>SOPHOS INC., a corporation,<br><br>           Defendant. | CASE NO.  3:14-cv-01197-WHO<br><br>**[PROPOSED] VERDICT FORM** |

# Verdict Form

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the Form. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously find as follows:

**I.    INFRINGEMENT**

**A.    Direct Infringement**

   **1.    Has Finjan proven by a preponderance of the evidence that any of Sophos's products infringe any of claims 1, 7, 16, or 43 of U.S. Patent No. 6,154,844?**

   *A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

   **YES _____ NO _____**

If you answered "yes" to Question 1, please mark the claim(s) you found to be infringed and circle whether you found the infringement to be literal or under the doctrine of equivalents:

   Claim 1:    _____         Literal / Doctrine of Equivalents
   Claim 7:    _____         Literal / Doctrine of Equivalents
   Claim 16:   _____         Literal / Doctrine of Equivalents
   Claim 43:   _____         Literal only

   **2.    Has Finjan proven by a preponderance of the evidence that any of Sophos's products infringe either claims 9 or 18 of U.S. Patent No. 6,804,780?**

   *A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

   **YES _____ NO _____**

If you answered "yes" to Question 2, please mark the claim(s) you found to be infringed and circle whether you found the infringement to be literal or under the doctrine of equivalents:

   Claim 9:    _____         Literal / Doctrine of Equivalents
   Claim 18:   _____         Literal / Doctrine of Equivalents

/////

/////

**3.** **Has Finjan proven by a preponderance of the evidence that any of Sophos's products infringe either claims 18 or 22 of U.S. Patent No. 7,613,926?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES \_\_\_\_\_  NO \_\_\_\_\_**

If you answered "yes" to Question 3, please mark the claim(s) you found to be infringed and circle whether you found the infringement to be literal or under the doctrine of equivalents:

    Claim 18: _____          Literal / Doctrine of Equivalents

    Claim 22: _____          Literal / Doctrine of Equivalents

**4.** **Has Finjan proven by a preponderance of the evidence that any of Sophos's products infringe claim 1 of U.S. Patent No. 8,141,154?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES \_\_\_\_\_  NO \_\_\_\_\_**

If you answered "yes" to Question 4 please circle whether you found the infringement to be literal or under the doctrine of equivalents:  Literal / Doctrine of Equivalents

**5.** **Has Finjan proven by a preponderance of the evidence that any of Sophos's products infringe claim 1 of U.S. Patent No. 8.566,580?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES \_\_\_\_\_  NO \_\_\_\_\_**

If you answered "yes" to Question 5 please circle whether you found the infringement to be literal or under the doctrine of equivalents:          Literal / Doctrine of Equivalents

**6.** **Has Finjan proven by a preponderance of the evidence that any of Sophos's products infringe any of claims 1, 10, 14, or 18 of U.S. Patent No. 8,677,494?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES \_\_\_\_\_  NO \_\_\_\_\_**

If you answered "yes" to Question 6, please mark the claim(s) you found to be infringed and circle whether you found the infringement to be literal or under the doctrine of equivalents:

    Claim 1: _____          Literal / Doctrine of Equivalents

    Claim 10: _____         Literal / Doctrine of Equivalents

DLA Piper LLP (US)
San Diego

WEST\269889336.2

1    Claim 14: _____          Literal / Doctrine of Equivalents

2    Claim 18: _____          Literal / Doctrine of Equivalents

**B.    Contributory Infringement**

    **1.**   **Has Finjan proven by a preponderance of the evidence that Sophos contributes to infringement of claim 1 of U.S. Patent No. 8,566,580?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES _____ NO _____**

**C.    Inducing Infringement**

    **1.**   **Has Finjan proven by a preponderance of the evidence that Sophos induces infringement of claims 1 or 7 of U.S. Patent No. 6,154,844?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES _____ NO _____**

If you answered "yes" to Question 1, please mark the claim(s) you found to be induced:

    Claim 1: _____          Claim 7: _____

    **2.**   **Has Finjan proven by a preponderance of the evidence that Sophos induces infringement of claim 18 of U.S. Patent No. 7,613,926?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES _____ NO _____**

    **3.**   **Has Finjan proven by a preponderance of the evidence that Sophos induces infringement of claim 1 of U.S. Patent No. 8,677,494?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES _____ NO _____**

**D.    Willful Infringement**

If you answered "Yes" to Questions A.1. above, answer Question 1 below.  If you answered "Yes" to Question A.2. above, answer Question 2 below.  If you answered "No" to Questions A.1. and A.2. above, skip Questions 1 and 2 below.

/////

/////

**1.     Has Finjan proven by a preponderance of the evidence that Sophos's infringing conduct with regard to the '844 patent was egregious, by conduct that was willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES _____ NO _____**

**2.     Has Finjan proven by a preponderance of the evidence that Sophos's infringing conduct with regard to the '780 patent was egregious, by conduct that was willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate?**

*A "yes" is a finding for Finjan, a "no" is a finding for Sophos.*

**YES _____ NO _____**

**II.     INVALIDITY**

**A.     Anticipation**

**1.     Has Sophos proven by clear and convincing evidence that any of claims 1, 7, 16, or 43 of U.S. Patent No. 6,154,844 was "anticipated," or, in other words, not new?**

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____ NO _____**

If you answered "yes" to Question 1, please mark the claim(s) you found to be anticipated:

Claim 1:      _____

Claim 7:      _____

Claim 16:    _____

Claim 43:    _____

**2.     Has Sophos proven by clear and convincing evidence that either claim 9 or 18 of U.S. Patent No. 6,804,780 was "anticipated," or, in other words, not new?**

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____ NO _____**

If you answered "yes" to Question 2, please mark the claim(s) you found to be anticipated:

Claim 9:      _____

Claim 18:    _____

-4-

**3.** Has Sophos proven by clear and convincing evidence that either claim 18 or 22 of U.S. Patent No. 7,613,926 was "anticipated," or, in other words, not new?

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____   NO _____**

If you answered "yes" to Question 3, please mark the claim(s) you found to be anticipated:

    Claim 18: _____

    Claim 22: _____

**4.** Has Sophos proven by clear and convincing evidence that claim 1 of U.S. Patent No. 8,141,154 was "anticipated," or, in other words, not new?

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____   NO _____**

**5.** Has Sophos proven by clear and convincing evidence that claim 1 of U.S. Patent No. 8,566,580 was "anticipated," or, in other words, not new?

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____   NO _____**

**6.** Has Sophos proven by clear and convincing evidence that any of claims 1, 10, 14, or 18 of U.S. Patent No. 8,677,494 was "anticipated," or, in other words, not new?

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____   NO _____**

If you answered "yes" to Question 6, please mark the claim(s) you found to be anticipated:

    Claim 1: _____

    Claim 10: _____

    Claim 14: _____

    Claim 18: _____

**B.   Obviousness**

**1.** Has Sophos proven by clear and convincing evidence that any of claims 1, 7, 16, or 43 of U.S. Patent No. 6,154,844 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

-5-

1    **YES \_\_\_\_\_ NO \_\_\_\_\_**

2    If you answered "yes" to Question 1, please mark the claim(s) you found to be obvious:

3    Claim 1:        _____

4    Claim 7:        _____

5    Claim 16:       _____

6    Claim 43:       _____

7    **2.    Has Sophos proven by clear and convincing evidence that either claim 9 or 18 of U.S. Patent No. 6,804,780 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?**

9    *A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

10   **YES \_\_\_\_\_ NO \_\_\_\_\_**

11   If you answered "yes" to Question 2, please mark the claim(s) you found to be obvious:

12   Claim 9:        _____

13   Claim 18:       _____

14   **3.    Has Sophos proven by clear and convincing evidence that either claim 18 or 22 of U.S. Patent No. 7,613,926 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?**

16   *A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

17   **YES \_\_\_\_\_ NO \_\_\_\_\_**

18   If you answered "yes" to Question 3, please mark the claim(s) you found to be obvious:

19   Claim 18:       _____

20   Claim 22:       _____

21   **4.    Has Sophos proven by clear and convincing evidence that claim 1 of U.S. Patent No. 8,141,154 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?**

23   *A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

24   **YES \_\_\_\_\_ NO \_\_\_\_\_**

25   **5.    Has Sophos proven by clear and convincing evidence that claim 1 of U.S. Patent No. 8,566,580 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?**

27   *A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

28   **YES \_\_\_\_\_ NO \_\_\_\_\_**

**6.** Has Sophos proven by clear and convincing evidence that any of claims 1, 10, 14, or 18 of U.S. Patent No. 8,677,494 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

*A "yes" is a finding for Sophos, a "no" is a finding for Finjan.*

**YES _____   NO _____**

If you answered "yes" to Question 6, please mark the claim(s) you found to be obvious:

Claim 1:        _____

Claim 10:      _____

Claim 14:      _____

Claim 18:      _____

**III.    DAMAGES (IF APPLICABLE)**

If you have found any claim of Finjan's patents to be both valid and infringed by Sophos, either literally or under the doctrine of equivalents, directly, through inducement, or by contributory infringement, what has Finjan proved it is entitled to as a reasonable royalty:

a)  on-going royalty payment of either $_____ per unit sold or _____% of $_____ in total sales; **or**

b)  one-time payment of $_____ for the life of the patent(s).

---

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

---

DATED: _____, 2016            By:_____
                                                  Presiding Juror