PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO
  (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700
Fax:  (619) 699-2701

SUMMER K. TORREZ (Bar No.264858)
summer.torrez@dlapiper.com
KRISTA CELENTANO (Bar No. 279526)
krista.celentano@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

*Attorneys for Defendant*
SOPHOS INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., | Case No.: 14-CV-01197-WHO |
| Plaintiff, | **[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER** |
| v. | |
| SOPHOS INC., | |
| Defendant. | |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

I.     **STATEMENT OF NATURE OF ACTION AND JURISDICTION**

    A.     **Substance of the Action**

    Plaintiff Finjan, Inc. ("Plaintiff" or "Finjan") and Defendant Sophos Inc. ("Defendant" or "Sophos") are the parties that will appear at trial.  Finjan alleges that Sophos directly infringes, either literally or, for certain claim limitations, under the doctrine of equivalents, the following Finjan Patents pursuant to 35 U.S.C. § 271(a) (collectively "the Finjan Patents") [1]:

- U.S. Patent No. 6,154,844 ("the '844 Patent"), entitled "System and Method for Attaching a Downloadable Security Profile to a Downloadable";

- U.S. Patent No. 6,804,780 ("the '780 Patent"), entitled System and Method For Protecting a Computer and a Network From Hostile Downloadables;

- U.S. Patent No. 7,613,926 ("the '926 Patent"), entitled Method And System For Protecting a Computer and a Network From Hostile Downloadables;

- U.S. Patent No. 8,141,154 ("the '154 Patent"), entitled System and Method For Inspecting Dynamically Generated Executable Code;

- U.S. Patent No. 8,566,580 ("the '580 Patent"), entitled Splitting an SSL Connection Between Gateways; and

- U.S. Patent No. 8,677,494 ("the '494 Patent"), entitled Malicious Mobile Code Runtime Monitoring System and Methods; and

    Additionally, Finjan alleges that Sophos has induced infringement and continues to induce infringement of certain asserted claims of the '844 Patent, '926 Patent, and '494 Patent.  Finjan also alleges that Sophos has contributorily infringed and continues to contributorily infringe the asserted claim of the '580 Patent.  Finjan also alleges that Sophos's infringement of the '780 Patent and '844 Patent is willful.

---

[1] On May 24, 2016, the Court entered summary judgment in Sophos's favor and held Sophos does not infringe claim 22 of U.S. Patent No. 7,757,289 ("the '289 Patent"), and claim 12 of U.S. Patent No. 7,613,918 ("the '918 patent"), which Finjan originally asserted against Sophos.  Accordingly, the allegations regarding these two patents are not included in this Pretrial Statement.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

Finjan currently asserts the following 14 claims from the Finjan Patents (collectively the "Asserted Claims"):

- Claim 1, 7, 16, and 43 of the '844 Patent;
- Claims 9 and 18 of the '780 Patent;
- Claims 18 and 22 of the '926 Patent;
- Claim 1 of the '154 Patent;
- Claim 1 of the '580 Patent; and
- Claims 1, 10, 14, and 18 of the '494 Patent.

These allegations are set forth in Finjan's Third Amended Complaint for Patent Infringement (Dkt. No. 128), and further identified during discovery, including in Finjan's Second Supplemental Infringement Contentions, and Finjan's Final Election of Asserted Claims.

Finjan accuses Sophos, through its UTM Products[2], its Endpoint Products[3], and SophosLabs[4] of infringing one or more of the following Asserted Claims:

---

[2] The UTM Products include UTM 100, UTM 110, UTM 120, UTM 220, UTM 320, UTM 420, UTM 425, UTM 525, UTM 625 and UTM Virtual Appliance, SG 105, SG 115, SG 125, SG 135, SG 210, SG 230, SG 310, SG 330, SG 430, SG 450, SG 550, SG 650 and SG Virtual Appliances, and the corresponding XG Appliances and Virtual Appliances.

[3] The Endpoint Products include Endpoint Protection Standard; Endpoint Protection Advanced; Sophos Cloud Endpoint Protection Standard; Sophos Cloud Endpoint Protection Advanced; Sophos Cloud Enduser Protection; Enduser Protection Web, Mail and Encryption; Enduser Protection Mail and Encryption; Enduser Protection Web and Mail; Enduser Protection; Enduser Protection and Encryption Enterprise; Enduser Protection and Encryption; Enduser Protection and Mail; and Enduser Protection and Advanced Mail.

[4] As stated in Finjan's Motion for Summary Judgment, Finjan asserts SophosLabs is synonymous with Sophos Live Cloud Service and includes Sophos' SXL service and infrastructure. Thus, any reference by Finjan to SophosLabs throughout this Pretrial Order is referring to Sophos Live Cloud Service and its SXL service and infrastructure. Sophos objects to the use of the term, Sophos Live Cloud Service because this service does not exist and is not synonymous with SophosLabs. Sophos disputes that SophosLabs is located in the United States.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

- UTM Products infringe Claims 1, 7, 16, and 43 of the '844 Patent, Claims 9 and 18 of the '780 Patent, Claims 18 and 22 of the '926 Patent, Claim 1 of the '154 Patent, Claim 1 of the '580 Patent, Claims 1, 10, 14, and 18 of the '494 Patent;

- Endpoint Products infringe Claim 1 of the '154 Patent and Claims 1, 10, 14 and 18 of the '494 Patent; and

- SophosLabs infringes Claims 1, 7, 16, and 43 of the '844 Patent, Claims 9 and 18 of the '780 Patent, Claims 18 and 22 of the '926 Patent, and Claims 1, 10, 14, and 18 of the '494 Patent.

Sophos denies having infringed any of the asserted patents in suit, willfully or otherwise. Sophos further contends that the asserted claims of the asserted patents are invalid as obvious and anticipated by the prior art, including by Sophos's own products.  Sophos further disputes Finjan's damages calculation, should infringement be found of a valid patent.  Sophos also denies that Finjan is entitled to injunctive relief.  In addition to Sophos's defenses of noninfringement and invalidity, the following affirmative defenses remain to be decided:

1.    Whether Finjan's claims are barred, in whole or part, under the doctrine of waiver, laches and/or estoppel due to Finjan's inexcusable and unreasonable delay in filing suit on the Asserted Patents.

2.    Whether Finjan's claims are barred in whole or part based on collateral estoppel as set forth in Sophos's Partial Motion for Summary Judgment (Dkt. No. 140).[5]

3.    Whether the claims of the Asserted Patents are and were limited by amendment, the prior art and/or by the statements made to the United States Patent and Trademark Office during their prosecution, inter partes review proceedings or ex parte reviews such that Finjan is now estopped and/or otherwise precluded from maintaining that such claims of the Asserted

---

[5] As set forth in Finjan's Reply in Support of its Motion for Summary Judgment and Reply in Support of its Motion to Strike, Finjan alleges Sophos has not properly raised these defenses in this litigation. Sophos disagrees.  Sophos has properly raised its defenses.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

Patents are of sufficient scope to cover the accused products either literally or under the doctrine of equivalents.

4.   Whether Finjan's actions in filing this suit make this an exceptional case under 35 U.S.C. § 285 and the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), entitling Sophos to its attorneys' fees in defending this action.

**B.    Relief Prayed**

As set forth in Finjan's Third Amended Complaint ("Finjan's Complaint") and Finjan's Rule 26(a)(1) disclosures, Finjan is seeking monetary and equitable relief.  Finjan seeks damages for Sophos' infringement in an amount adequate to compensate it in the form of a reasonable royalty on a per patent basis.  Finjan seeks a finding that this case is exceptional and that Sophos' infringement of the '780 Patent and '844 Patent was willful.  Finjan is also seeking an accounting of past damages for infringement up to the date of the payment, along with prejudgment and post judgment interest.  Finjan will supplement its damages expert report before trial upon receipt of updated sales information that Sophos has agreed to provide in early August.  Finjan is also seeking injunctive relief to stop any future infringement.  To the extent that injunctive relief is not available, Finjan is seeking an ongoing royalty for such future infringement.

Finjan's Complaint identifies the following points of relief:

- An entry of judgment holding that Sophos has infringed and is infringing the Finjan Patents;
- A preliminary and permanent injunction against Sophos and/or those in privity with them from infringing the Finjan Patents;
- An award of damages no less than a reasonable royalty;
- A finding that the case is exceptional;
- A determination that Sophos' infringement of the '780 Patent and '844 Patent was willful and treble damages on this basis;
- An award of Finjan's costs and reasonable attorney's fees permitted under 35 U.S.C. § 285,

- An accounting of Sophos' infringing sales and revenues, along with prejudgment and post judgment interest from the first date of infringement to the present;

- A finding and entry of judgment in favor of Finjan and against Sophos; and

- Any further relief that the Court may deem proper and just.

Sophos's Prayer for Relief:  Sophos denies that Finjan is entitled to any relief, and prays that the court (i) dismiss with prejudice any and all claims by Finjan and order that Finjan take nothing as a result, and that all of Finjan's prayers for relief are denied; (ii) find and declare, and enter judgment, in favor of Sophos and against Finjan, that Sophos has not infringed any claim of any Asserted Patent under 35 U.S.C. § 271; (iii) find and declare, and enter judgment, in favor of Sophos and against Finjan, that Sophos has not willfully infringed either the '844 patent or the '780 patent; (iv) find and declare, and enter judgment, in favor of Sophos and against Finjan, that the Asserted Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112; (v) find and declare, and enter judgment, in favor of Sophos and against Finjan, that Finjan is not entitled to injunctive relief whatsoever; and (vi) find and declare, and enter judgment, in favor of Sophos and against Finjan, this is an exceptional case under 35 U.S.C. § 285 and award Sophos its attorneys' fees.  Sophos may call the following witnesses to refute Finjan's claim for damages:  Brian Napper, Stuart Fillingham, John Shaw, Chris Kraft, Mark Harris, and/or Arthur Robinson.[6]

### C.    Federal Jurisdiction and Venue

This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Jurisdiction and venue are not disputed.

## II.    FACTUAL BASIS OF THE ACTION

### A.    Undisputed Facts

1.    Finjan is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2000 University Ave., Ste. 600, East Palo Alto, California

---

[6] Finjan objects to  the proposed testimony of Mr. Robinson regarding Sophos's OEM business, which was not previously identified in Sophos' initial disclosures and is the subject of a motion in *limine*.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

1       94303.

2       2.      Sophos is a Massachusetts corporation with its principal place of business at 3 Van de

3               Graaff Drive, Second Floor, Burlington, Massachusetts.

4       3.      Finjan, Inc. is the owner of the Finjan Patents.

5       4.      The '844 Patent issued on November 28, 2000.

6       5.      The '780 Patent issued on October 12, 2004.

7       6.      The '926 Patent issued on November 3, 2009.

8       7.      The '154 Patent issued on March 20, 2012.

9       8.      The '580 Patent issued on October 22, 2013.

10      9.      The '494 Patent issued on March 18, 2014.

11      10.     The effective filing date of the '844 Patent is December 22, 1997.

12      11.     The effective filing date of the '154 Patent is December 12, 2005.

13      12.     The effective filing date of the '494 Patent is November 8, 1996.

14      13.     The effective filing date of the '780 Patent is November 8, 1996.

15      14.     The effective filing date of the '580 Patent is July 23, 2008.

16      15.     The effective filing date of the '926 Patent is November 6, 1997.[7]

17      16.     Sophos was aware of Finjan before the Complaint in this litigation was filed on March

18              14, 2014.

19      17.     Finjan was aware of Sophos before the Complaint in this litigation was filed on March

20              14, 2014.

21

22

23

24      _____
        [7] In an effort to narrow the issues for trial, Finjan is using the effective filing dates of its Asserted
25      Patents.  Finjan has earlier priority dates, but these dates will not have an impact in this case given the
        prior art that Sophos is asserting.  As such, Finjan's decision to narrow the issues for trial is not a
26      waiver of its right to claim an earlier priority date for its Asserted Patents if it becomes an issue in this
        case or in any other matter involving Finjan's Asserted Patents.
27

28
                                                        6
        [PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER            Case No. 14-cv-01197-WHO

**B.**     **Disputed Factual Issues**

**Finjan's Disputed Facts**

18.     Whether Sophos's UTM Products literally infringe Claims 1, 7, 16, and 43 of the '844 Patent, Claims 9 and 18 of the '780 Patent, Claims 18 and 22 of the '926 Patent, Claim 1 of the '154 Patent, Claim 1 of the '580 Patent, and Claims 1, 10, 14, and 18 of the '494 Patent.

19.     Whether Sophos's UTM Products infringe Claims 1, 7, and 16 of the '844 Patent, Claims 9 and 18 of the '780 Patent, Claims 18 and 22 of the '926 Patent, Claim 1 of the '154 Patent, and Claims 1, 10, 14, and 18 of the '494 Patent under the Doctrine of Equivalents.

20.     Whether Sophos induces infringement of Claims 1 and 7 of the '844 Patent, Claim 18 of the '926 Patent, and Claim 1 of the '494 Patent through the UTM Products.

21.     Whether Sophos contributorily infringes Claim 1 of the '580 Patent through the UTM Products.

22.     Whether Sophos's Endpoint Products literally infringe Claims 9 and 18 of the '780 Patent and Claims 1, 10, 14 and 18 of the '494 Patent.

23.     Whether Sophos's Endpoint Products infringe Claims 9 and 18 of the '780 Patent and Claims 1, 10, 14 and 18 of the '494 Patent under the Doctrine of Equivalents.

24.     Whether Sophos induces infringement of Claim 1 of the '494 Patent.

25.     Whether Sophos's SophosLabs literally infringes Claims 1, 7, 16, and 43 of the '844 Patent, Claims 9 and 18 of the '780 Patent, Claims 18 and 22 of the '926 Patent, and Claims 1, 10, 14, and 18 of the '494 Patent.

26.     Whether Sophos's SophosLabs infringes Claims 1, 7, and 16 of the '844 Patent, Claims 9 and 18 of the 80 Patent, Claims 18 and 22 of the '926 Patent, and Claims 1, 10, 14, and 18 of the '494 Patent under the Doctrine of Equivalents.

27.     Whether Sophos induces infringement of Claims 1 and 7 of the '844 Patent, Claim 18 of the '926 Patent, and Claim 1 of the '494 Patent through SophosLabs.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

28. The amount adequate to compensate Finjan for Sophos's infringement for each of the Finjan Patents if Sophos is found to infringe any Asserted Claims of any valid Finjan Patents.

29. Whether Sophos's SWEEP 2.72 & InterCheck 2.01 products qualify as prior art under 35 U.S.C. § 102 or § 103 against the '780 Patent, '844 Patent, '926 Patent, '154 Patent or '494 Patent.[8]

30. Whether Sophos has customers who have used the UTM Products and Endpoint Products in the United States.

31. Whether Trend InterScan was available to the public.

32. Whether the version of Sweep Version 2.72/InterCheck 2.01 was available to the public.

33. Whether Trend InterScan or the version of Sweep 2.72/InterCheck 2.01 anticipates claim 1 of the '154 Patent.

34. Whether the version of Sweep Version 2.72/InterCheck 2.01 or Ji ('348 patent) anticipate Claims 1, 7, 16, or 43 of the '844 Patent.

35. Whether the version of Sweep Version 2.72/InterCheck 2.01 or Waldo ('709 patent) anticipate Claims 9 or 18 of the '780 Patent.

36. Whether the version of Sweep Version 2.72/InterCheck 2.01 anticipates claims 22 of the '926 Patent.

37. Whether Takeshima ('306 patent) anticipates Claim 1 of the '580 Patent.

38. Whether the version of Sweep Version 2.72/InterCheck 2.01 anticipates Claims 1, 10, 14, or 18 of the '494 Patent.

39. Sophos filed an *Inter Partes* Review, before the United States Patent Office, in an attempt to invalidate the asserted claims 1, 10, 14 and 18 of the '494 Patent.  The United

---

[8] Whether these products are prior art is currently still before the Court as part of Finjan's Motion for Summary Judgment (Dkt. No. 142-3 at 21-23) and subject to supplementary briefing, per the Court's May 24, 2016 Order, (Dkt. No. 205 at 43-44).

States Patent Office denied Sophos' petition because it found that Sophos failed to demonstrate a reasonable likelihood that Sophos would prevail in showing the unpatentability of any of the challenged claims.[9]

40.     Sophos filed an *Inter Partes* Review, before the United States Patent Office, in an attempt to invalidate the asserted claims 18 and 22 of the '926 Patent.  The United States Patent Office denied Sophos' petition because it found that Sophos failed to demonstrates a reasonable likelihood that Sophos would prevail in showing the unpatentability of any of the challenged claims.

41.      In the previous Delaware Lawsuit, Sophos did not dispute at trial that Sophos' accused products, infringed Finjan's '194 and '962 Patents.

42.     Sophos does not dispute that different technology is accused of infringement in this litigation than the specific technology accused of infringement in the previous Delaware Lawsuit that Sophos did not dispute it infringed Finjan's 194 and '962 Patents.

43.     Sophos was involved in another lawsuit with Fortinet in the Northern District of California involving Fortinet's claims of patent infringement, trade secret misappropriation, breach of contract, and breach of fiduciary duty.  The Court in the Fortinet case found that Sophos infringed Fortinet's patent.  In addition some of Fortinet's claims, including claims for solicitation of other former employees, were handled in arbitration.  The arbitrator found that Sophos' Senior Vice-President of Worldwide Sales, Michael Valentine, a former Fortinet employee, schemed to poach a handful of Fortinet workers and Mr. Valentine to pay more than $1.7 million to Fortinet.  The arbitrator found that "clear and convincing evidence established that Michael Valentine willfully and intentionally breached his fiduciary obligations to Fortinet as a corporate vice president," and "that Mr. Valentine's conduct was deceitful

[9] Sophos objects to the inclusion of this and the following paragraph as being the subject of one of Sophos's motions *in limine*.  Sophos also objects to these paragraphs because Sophos's prior art asserted in this litigation was not at issue in the *inter partes* review proceedings.

9

and malicious and caused direct harm and injury to [Fortinet] while benefiting himself and [Sophos]."[10]

**Sophos's Disputed Facts**

44.    Whether "Sophos Live Cloud Service" is a product or service made, used, sold, or offered for sale in, or imported into the United States by Sophos.

45.    Whether SophosLabs is a product or service made, used, sold, or offered for sale in, or imported into the United States by Sophos.

46.    Whether SophosLabs operates in the United States and/or is controlled by activity in the United States and in which the benefits of the use occur in the United States.

47.    Whether what Finjan identifies as the Context Database was never implemented in any Sophos product.

48.    Whether a URL, in and of itself, is not a Downloadable as the Court has construed the term.

49.    Whether the Court found in its May 24, 2016 Order (Dkt. No. 205) that the Accused UTM Products do not use "Dynamo DB," "L1 cache," and "L2 cache."

50.    Whether there is any evidence of "use" infringement under 35 U.S.C. § 271(a).

51.    Whether any of the asserted claims of any of the Asserted Patents are anticipated and/or obvious.

52.    Whether U.S. Patent No. 5,983,348, ThunderBYTE Anti-Virus Utilities USER MANUAL, or SWEEP 2.72-InterCheck 2.01 render asserted claims 1, 7, 16, and 43 of the '844 patent invalid as anticipated and/or obvious.[11]

---

[10] Sophos objects to the inclusion of this paragraph as not relevant, unduly prejudicial and will confuse the issues for the jury.  It has no business being included in this joint pretrial statement.

[11] Finjan objects to Sophos' paragraphs 52-57 for the reasons discussed in its Motion in *Limine* and *Daubert* and further objects to the extent that any of these references were not properly disclosed or discussed in Dr. Cohen's expert report with respect to a specific patent and thus not a proper theory for Sophos to present at trial. Finjan received Sophos' edits to the Pretrial Statement that included these new references after 7PM the day of the filing and Finjan reserves the right to the further object to any of Sophos' newly added issues.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

53.     Whether Mary Kirtland, "Safe Web surfing with the Internet Component Download Service," U.S. Patent No. 5, 815,709, or SWEEP 2.72-InterCheck 2.01 render asserted claims 9 and 18 of the '780 patent invalid as anticipated and/or obvious.

54.     Whether U.S. Patent No. 6,367,012, ThunderBYTE Anti-Virus Utilities USER MANUAL, or SWEEP 2.72-InterCheck 2.01 render asserted claims 18 and 22 of the '926 patent invalid as anticipated and/or obvious.

55.     Whether Trend InterScan WebManager 1.1: Administrator's Guide, U.S. Patent Application No. 2007/0113282, or SWEEP 2.72-InterCheck 2.01 render asserted claim 1 of the '154 patent invalid as anticipated and/or obvious.

56.     Whether Dr. Solomon's Anti-Virus Toolkit or SWEEP 2.72-InterCheck 2.01 render asserted claims 1, 10, 14 and 18 of the '494 patent invalid as anticipated and/or obvious.

57.     Whether U.S. Patent No. 7,627,896, U.S. Patent No. 7,849,306, U.S. Patent App. Pub. 2006/0143442, U.S. 7,321,970 render asserted claim 1 of the '580 patent invalid as anticipated and/or obvious.

58.      If infringement is found, whether Sophos's infringement of the '844 patent and the '780 patent was willful.

59.     If infringement is found, whether Finjan's damages are limited because of laches.

60.     What the proper amount of damages is if there is a finding of infringement of a valid patent.

61.     Finjan filed a previous lawsuit against Sophos and other defendants on July 12, 2010 in the District of Delaware for infringement of United States patents 6,092,194 ("the '194 patent") and 6,480,962 ("the '962 patent") (the "Delaware Lawsuit").[12]

---

[12] Finjan objects to the inclusion of the following facts because the prior Delaware lawsuit is not relevant as it dealt with different patents from the Asserted Patents in this case and this is the subject of one of Finjan's pending motions *in limine*. Thus, it would confuse the jury for Sophos to discuss the prior litigation involving different patents that have no evidentiary value to any of Sophos' claims in this case.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

62.     Whether the patents in the Delaware Lawsuit related to detecting and blocking computer viruses and malware.[13]

63.     The trial in the Delaware Lawsuit commenced on December 3, 2012 and ended with a jury verdict on December 20, 2012.

64.     The jury in the Delaware Lawsuit found that Sophos did not infringe Finjan's patents and that the asserted claims of Finjan's patents were invalid as anticipated and obvious.

65.     The United States Patent Office has instituted *inter partes* review proceedings against the '154 patent and the '494 patent.

**C.**    **Agreed Statement**

There is no agreed statement at the time of the filing of the Pretrial Order.  The parties agree that the undisputed facts will be given to the jury as stated in Stipulated Jury Instruction 2.1.

---

[13] Finjan further disputes Sophos' characterization below of the patents in the prior case as related to detecting and blocking computer viruses and malware.  For example, U.S. Patent No. 6,092,194 was generally directed toward receiving an incoming Downloadable addressed to a client, by a server that serves as a gateway to the client; comparing, by the server, Downloadable security profile data pertaining to the Downloadable, the Downloadable security profile data includes a list a suspicious computer operations that may be attempted by the  Downloadable, against a security policy to determine if the security policy has been violated; and preventing execution of the Downloadable by the client if the security policy has been violated.  U.S. Patent No. 6,480,962 was generally directed toward monitoring substantially in parallel a plurality of subsystems of the operating system during runtime for an event caused from a request made by a Downloadable; interrupting processing of the request; comparing information pertaining to the Downloadable against a predetermined security policy; and performing a predetermined responsive action based on the comparison.

D.       **Stipulations**[14]

The following stipulations were agreed upon by the parties as discussed below, and are made a part of this Pretrial Order.

1.  With the exception of any expert report and/or evidence that is the subject of the parties' motions in *limine* and *Daubert* motions the parties agree that the testimony of experts will be limited to the opinions and evidence disclosed in that expert's report.[15]

2.  Sophos agrees that at trial it will not refer to Finjan, Inc. (the plaintiff) or any of its related entities, including predecessors, as a troll or "pirate," "bounty hunter," or "paper patent."[16]

3. The parties agree that no party will mention or present argument to the jury regarding any issues of law or equitable issues upon which the jury will not be making a determination.  For example, the parties will not mention that Finjan is seeking an injunction or that patents give a patent holder the right to seek injunctive relief, that Sophos has a claim of no patentability under 35 U.S.C. §101, that

---

[14] Finjan has entered into a number of license agreements since the service of expert reports.  Finjan has requested that Sophos articulate its position on all such license agreements.  This issue arose because Sophos just served, without warning, a supplemental damages expert report by Mr. Napper, discussing a license agreement that Sophos had when Mr. Napper issued his original rebuttal report.  Finjan's damages expert did not have an opportunity to address because this license was not executed when she issued her report. Sophos's statement:  The ███████ license agreement was produced on February 8, 2016, well after the close of fact discovery and just days before Mr. Napper's rebuttal report was served.  Finjan asked Mr. Napper about the ███████ license during his deposition.   Finjan produced another license on July 19, 2016.  Sophos does not agree to discuss this license agreement at trial because it was produced well after the close of fact and expert discovery and was not raised in expert depositions.  Sophos likewise objects to any mention at trial of any other Finjan licenses that may be produced between now and trial.

[15] Finjan tried to reach an agreement with Sophos that the parties would not discuss or reference Finjan's '918 or '289 Patents as they are no longer at issue in this litigation and not relevant.  However, Sophos refused to agree to this stipulation.  Sophos asserts these patents are still relevant for issues other than Finjan's claims of infringement.

[16] The parties stipulated that Sophos would not refer to Finjan as a patent troll or similar derogatory term.  However, after 7pm on the day the motions in limine were due, Sophos removed the portion of the stipulation regarding "or similar derogatory term."  Thus, Finjan objects to Sophos' removal of that term from the stipulation and requests that the court exclude Sophos from referring to Finjan by any derogatory terms.  Sophos chose to remove that portion of the stipulation because the parties never agreed as to what constituted a derogatory term.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

Sophos has a defense of waiver, laches and/or estoppel, collateral estoppel or prosecution history estoppel, that the Court may award interest on any damages awarded, that the Court may award attorneys' fees and may increase those fees if it finds the case is exceptional, or that there may be an appeal of the verdict.[17]

4.  At trial, no objections made during any deposition will be included when the portions of designated deposition testimony are played at trial, and no objection served with designated written discovery will be presented to the jury.  The parties will eliminate gaps of silence for the testimony played at trial.

5. At trial, there shall be no reference to rejected claim construction positions, including any attorney argument made during the claim construction process.

6. At trial, there shall be no reference to jury consultants, shadow juries, or focus groups.

7. The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

**Witness-Related Exchanges**

The parties agree that they will not pre-exchange or identify demonstratives or exhibits to be used with any witness on cross-examination.  The parties have competing proposals for the timing of exchanges.  The parties' positions are in brackets below:

a.       [**Finjan's Position**: **by 6:00 PM two days before each trial day** *e.g.* Sunday night for a Tuesday trial day]  [**Sophos' Position**: **at least 2:00 p.m. the court day** before each trial day] the parties shall disclose the following:

---

[17] Sophos contends that this prohibition does not apply to the presentation of factual evidence which may relate to or overlap with the aforementioned legal and equitable issues.  Because Sophos has not identified any such purported evidence, Finjan is not aware of any such evidence and thus does not agree that there is factual evidence that overlaps with the issues of infringement, willfulness, invalidity and damages.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

i.  witnesses whom the party will call at trial on any given day **]** before their testimony is expected;.

ii.      A list of trial exhibits for each witness it intends to present through direct examination **[Finjan proposes that this list be in the sequence in which the witness will appear].** The sponsoring party need not provide copies of the exhibits; however, if the sponsoring party seeks to admit into evidence only a redacted version of any exhibit the sponsoring party should provide a copy of such exhibit;

iii.     A list of the deposition testimony it intends to introduce (either by video or through a reading of the transcript), in the sequence in which they will be played.

b.      The parties agree that by **6:00 PM** each party will exchange by email the following for the next trial day:

iii.     Copies of demonstratives to be used during direct examination; and

iv.     Identification of deposition counter-designations to be included when the other party introduces its identified deposition testimony.

c.      The parties agree that at **8:30** PM the day before a day of trial, the parties shall meet and confer regarding objections to witnesses, trial exhibits, deposition testimony and demonstratives.

d.      To the extent there are unresolved issues, the issues will be presented to the Court the morning of the trial day.  Following the parties' meet and confer, should the objecting party have remaining objections, that party will e-mail to the opposing party by 10 PM a summary of what was agreed to on the meet and confer and what remains disputed, including all objections and bases for those objections, to avoid any misunderstandings on what will be presented to the Court the following morning.  This e-mail will not be submitted to the Court and the parties will not raise before the Court new or different grounds that were not previously disclosed in the summary of issues.

**Opening Statement Demonstratives**

Pursuant to Section 8 of the Pretrial Order, the parties will exchange opening statement demonstratives at **7:00 PM** the Wednesday before opening statements (*i.e.,* **7:00 PM** on August 31, 2016).  Should either party object to the other parties' opening statement demonstratives, the parties

1   will meet and confer no later than **3:00 PM** on the Thursday before opening statements (*i.e.*,

2   September 1, 2016) and to the extent the parties do not agree, the parties will email short briefs (not to

3   exceed 4 pages in total) to the Court no later than **10:00 PM** identifying any disputes the parties

4   request the Court to address by telephone on Friday before trial.

5   **Closing Statement Demonstratives**

6           The parties agree to disclose any new demonstratives (not shown to the jury prior to the

7   closing) before closing arguments under the same general guidelines as set forth for Opening

8   Statements.  The parties will meet and confer on the timing of the disclosure once the trial begins and

9   the timing as to when the closing will occur is certain.

10  **Physical Exhibits**

11          Copies of physical exhibits will be available for inspection 48 hours before a party intends to

12  use the physical exhibit at trial. The parties reserve the right to lodge objections related to the quality

13  and accuracy of the exhibits upon inspection of the physical exhibits.

14  **Source Code**

15          [**Finjan's Position**: Sophos is required to bring its Perforce system, a copy of such system, or

16  make the system accessible for Finjan in the same manner that it was made available throughout

17  discovery.  It is not proper for Sophos to refuse to bring the Perforce system or make it accessible

18  throughout trial. Thus, Sophos is required to bring the same source code computer(s), a copy of such

19  source code or provide access to such source code at trial in the same format that it made the source

20  code available during discovery, including with VGA output.  The source code computer(s) will be

21  available for inspection throughout trial, with 24 hour notice, beginning on September 2, 2015.]

22          [**Sophos Position**: To the extent source code has been specifically identified in either parties'

23  expert reports, Sophos will make that particular source code available to Finjan for inspection

24  throughout trial, with 24 hour notice, beginning on September 2, 2016.

25          Sophos, however, is not required to bring its Perforce system to trial.  Additionally, "Drs. Cole

26  and Mitzenmacher may not rely on the [source code] tables to articulate new infringement theories not

27

28

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER        Case No. 14-cv-01197-WHO

disclosed in their reports.  They may, however, rely on those portions of the tables that are specifically identified in their reports." (Order, Dkt. No. 205, at 28).]

## III.   DISPUTED LEGAL ISSUES

### A.   Disputed Points of Law

1.   Whether collateral estoppel bars Finjan's claims in whole or part.

2.   Whether Finjan's claims are barred, in whole or part, under the doctrine of waiver, laches and/or estoppel due to Finjan's inexcusable and unreasonable delay in filing suit on the Asserted Patents.

3.   Whether the claims of the Asserted Patents are and were limited by amendment, the prior art and/or by the statements made to the United States Patent and Trademark Office during their prosecution, *inter partes* review proceedings or ex parte reviews such that Finjan is now estopped and/or otherwise precluded from maintaining that such claims of the Asserted Patents are of sufficient scope to cover the accused products either literally or under the doctrine of equivalents.

4.   Whether Finjan's actions in filing this suit make this an exceptional case under 35 U.S.C. § 285 and the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 134 S. Ct. 1749 (2014), entitling Sophos to its attorneys' fees in defending this action.

## IV.   TRIAL PREPARATION

### A.   Witnesses to be Called

Pursuant to Section 2 of the Court's Standing Order as it applies to the Joint Pretrial Statement, the parties have set out their respective witness lists in Appendix A-1 and A-2.

### B.   Exhibits, Schedules, and Summaries

The parties' list of exhibits, schedules and summaries is attached hereto as Appendix B-1 (Joint Exhibit List ranging from 1-2000), Appendix B-2  (Finjan's Trial Exhibit List ranging from 2001-4000) and Appendix B-3 (Sophos's Trial Exhibit List ranging from 4001-6000).  At trial, the parties will refer to the corresponding exhibit numbers.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

## C. Estimate of Trial Time

The parties anticipate that each side will have 19 hours of trial time total, excluding voir dire and jury selection.

## D. Use of Discovery Responses

The parties list of citations excerpts from depositions, from interrogatory answers, or responses to requests for admission is attached hereto as Appendix C-1 (Finjan's List of Discovery Responses) and Appendix C-2 (Sophos's List of Discovery Responses), other than that to be used solely for impeachment or rebuttal.

## E. Appendices to Pretrial Order

| Appendix A-1 | Finjan's Witness List |
|---|---|
| Appendix A-2 | Sophos's Witness List |
| Appendix B-1 | Joint Exhibit List |
| Appendix B-2 | Finjan's Exhibit List and objections thereto |
| Appendix B-3 | Sophos's Exhibit List and objections thereto |
| Appendix C-1 | Finjan's Discovery Responses (including Deposition Designations) and Objections Thereto |
| Appendix C-2 | Sophos's Discovery Responses (including Deposition Designations) and Objections Thereto |

Pursuant to Section 1(d)(ii) of the Order, counsel have conferred regarding their objections to exhibits, deposition excerpts and discovery responses in a good faith effort to stipulate to admissibility.

## F. Further Discovery or Motions

Currently, there is no remaining discovery and the following motions filed by either party are pending:

*Summary Judgment Motions and Supplemental Briefing*

- Supplemental briefing regarding whether SWEEP-InterCheck was publicly available before the priority dates of the '154, '494, '780, '844, and '926 Patents.

- Finjan's Motion for Summary Judgment that SWEEP & InterCheck is not prior art to the Finjan Patents.

<u>*Daubert Motions*</u>

- Finjan's *Daubert* Motions regarding theories disclosed in the expert reports of Dr. Cohen and Mr. Napper.

- Sophos's *Daubert* Motions to exclude the testimony of Dr. Harry Bims; Dr. Eric Cole; Dr. Michael Mitzenmacher; Dr. Nenad Medvidovic; and Dr. Anne Layne-Farrar.

<u>*Motions in Limine*</u>

<u>Finjan's Motions:</u>

1.   Sophos cannot refer to Finjan at trial as a "patent assertion entity," "paper patent," "shell corporation," "non-practicing entity," "a company that doesn't sell or make anything," "Finjan is an unprofitable company" or any other similar characterization.

2.   Beyond seeking testimony about billings or payments made to Finjan's experts and/or consultants in connection with this litigation and the *inter partes* review that Sophos attempted to initiate on Finjan's Asserted Patents, the parties are precluded from discussing any other payments made to the expert or consultant.  In other words, there will not be any reference to how much an expert or consultant has billed, invoiced or been paid by the parties or a particular law firm.  The parties should also not reference that a party's expert witness was previously considered for retention by, was retained by, or is currently retained by the opposing party.

3.   Sophos cannot introduce or discuss its patents at trial.

4.   Sophos cannot discuss proceedings still pending before (a) the PTO and PTAB, (b) pending lawsuits against unrelated third parties, such as the lawsuits against Palo Alto Networks, Symantec, FireEye, Blue Coat, and ESet, and (c) Finjan's prior lawsuit against Sophos, Symantec and Websense, including any discussion or comparison of the '194 and '962 Patents to the Asserted Patents in this case or that Sweep/Intercheck was the only anticipatory reference presented in previous case.  This exclusion does not apply, however, to any lawsuits in which judgment after a jury verdict was entered involving a reasonable royalty or a reasonable royalty rate for Finjan's Asserted Patents,

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

such as the jury's finding of a reasonable royalty rate in the Secure Computing case, and the jury's finding of a reasonable royalty for the '844 Patent and '780 Patent in the Blue Coat case.

5.      Sophos may not offer or introduce any evidence or discussion of non-infringing alternatives or design arounds.

6.      Sophos cannot present any obviousness theory, as it has been excluded by virtue of the Court's May 11, 2016 Order, including any of the following obviousness combinations: (a) ICD combined with Kirtland, (b) Sweep combined with Mimesweeper.

7.      Sophos cannot introduce or discuss Trend Interscan as an asserted reference or for background because there is no evidence that Trend Interscan was publicly available prior to and around the effective filing dates of the Asserted Patents.

8.      Mr. Napper cannot offer any opinions or evidence related to the extent of use, including any new theories submitted in his Supplemental Expert Report served on July 15, 2016.

9.      Sophos cannot rely upon, discuss, introduce or use for any purpose the following materials related to Sweep/InterCheck for any purpose: (a) Demo2 for any purpose (b) any manuals for Sweep, including manuals unrelated to Sweep 2.72/InterCheck 2.01 (e.g., Exhibits 4031, 4036, 4048-50, 4052); (c) Sophos demonstrative videos (e.g., Exhibits 4855, 4856).

10.     Sophos cannot introduce testimony of Arthur Robinson regarding Sophos' OEM business.

11.     Sophos cannot rely on Kirtland as a reference for its invalidity claims for the '780 Patent.

12.     Sophos cannot rely on Ji '600 Patent as a reference for its invalidity claims for the '844 Patent.

13.     Sophos cannot challenge the validity of claim 1 of the '494 Patent or claim 18 of the '926 Patent.

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

14.      Sophos cannot rely on U.S. Patent Application Publication 2006/0143442 ("Smith") as a reference for its invalidity claims for the '580 Patent.

Sophos's Motions:

- Motion *in limine* to exclude evidence about Post-Grant Proceedings before the United States Patent & Trademark Office.

- Motion *in limine* to exclude evidence and argument about the wealth of Sophos's fact witnesses.

- Motion *in limine* to exclude evidence and argument that Finjan's patents are a "suite of technologies." Motion *in limine* to exclude evidence and argument that Finjan's own use of Sophos's products is evidence of direct infringement under 35 U.S.C. § 271(a).

- Motion *in limine* to exclude evidence or argument regarding Sophos's litigation and arbitration with Third Party Fortinet, Inc.

## V.      Trial Alternatives and Options

### A.      Settlement Discussion

The parties engaged in mediation, which was unsuccessful.  The parties also spoke outside of the mediation process, but were not able to reach resolution.  The parties are currently scheduled to particulate in a further settlement conference with Magistrate Judge Joseph C. Spero on July 25, 2016. Dkt. No. 206.

### B.      Consent to Trial Before a Magistrate Judge

The parties do not believe it is feasible and do not consent to a court trial before a master or magistrate judge for all or part of the action.

### C.      Amendment, Dismissals

The parties do not request or propose amendments to the pleadings or dismissals of any parties' claims of defenses.

### D.      Bifurcation, Separate Trial of Issues

The parties have agreed that equitable and legal issues will not be presented to the jury.  These claims include Plaintiff's request for injunctive relief and request for an accounting.  Both parties seek

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

a finding that this case is extraordinary such that fees and costs, or other penalty, should be awarded by the Court.

**E.    Other Issues.**

(a).  Confidential Information.  The Parties anticipate that they will use at trial documents that one of the Parties or a third party deems confidential.  The Parties respectfully request that the Court restrict publication of these confidential documents by publishing the document to the jury and the Court, but not to the broader courtroom.  The Parties propose that they may request restricted publication of a confidential document by advising the Court by 7:00 pm PDT on the day before the document is to be used at trial and by providing to the Court a brief explanation of why the document is confidential.

**VI.    BINDING EFFECT OF THE JOINT PRETRIAL STATEMENT AND ORDER**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this case, unless modified by the Court to prevent manifest injustice.

///

///

///

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER          Case No. 14-cv-01197-WHO

1

Respectfully submitted,

2    Dated:  July 25, 2016              By:  ___/s/ Paul J. Andre_____

3                                      Paul J. Andre (State Bar. No. 196585)
                                       Lisa Kobialka (State Bar No. 191404)
4                                      James Hannah (State Bar No. 237978)
                                       KRAMER LEVIN NAFTALIS
5                                        & FRANKEL LLP
                                       990 Marsh Road
6                                      Menlo Park, CA  94025
                                       Telephone: (650) 752-1700
7                                      Facsimile: (650) 752-1800
                                       pandre@kramerlevin.com
8                                      lkobialka@kramerlevin.com
                                       jhannah@kramerlevin.com
9

10                                     *Attorneys for Plaintiff*
                                       FINJAN, INC.
11

12                                     Respectfully submitted,

13   Dated:  July 25, 2016              By:  ___/s/ Sean Cunningham_____

14                                     SEAN CUNNINGHAM (Bar No. 174931)
                                       sean.cunningham@dlapiper.com
15                                     KATHRYN RILEY GRASSO (Bar No. 211187)
                                       kathryn.riley@dlapiper.com
16                                     DLA PIPER LLP (US)
                                       401 B Street, Suite 1700
17                                     San Diego, CA  92101-4297
                                       Tel:  (619) 699-2700
18                                     Fax:  (619) 699-2701

19
                                       SUMMER K. TORREZ (Bar No.264858)
20                                     summer.torrez@dlapiper.com
                                       KRISTA CELENTANO (Bar No. 279526)
21                                     krista.celentano@dlapiper.com
                                       DLA PIPER LLP (US)
22                                     2000 University Avenue
                                       East Palo Alto, CA  94303-2215
23                                     Tel:  650.833.2000
                                       Fax:  650.833.2001
24

25                                     *Attorneys for Defendant*
                                       SOPHOS INC.
26

27

28
                                       23

1

**ATTESTATION PURSUANT TO L.R. 5-1(I)**

2

    In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3

document has been obtained from any other signatory to this document.

4

5
                                           */s/ Paul J. Andre*

                                               Paul J. Andre

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER     Case No. 14-cv-01197-WHO