UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,
    Plaintiff,

v.

SOPHOS, INC.,
    Defendant.

Case No. 14-cv-01197-WHO

**ORDER DENYING FINJAN INC.'S MOTION FOR SUMMARY JUDGMENT**

## BACKGROUND

Finjan previously moved for summary judgment of validity of the '154, '494, '780, '844, and '926 patents over SWEEP-InterCheck on the ground that Sophos had not produced sufficient evidence that any SWEEP-InterCheck combination was publicly available by the patents' critical date. Dkt. No. 205 at 42-44. In opposition to the motion, Sophos focused exclusively on collateral estoppel flowing from its use of SWEEP-2.72 & InterCheck 2.11 as an invalidating reference in the Delaware Action. *Id.* at 43. In light of my ruling that Sophos could not assert SWEEP-2.72 & InterCheck 2.11 as prior art in this case, I deferred ruling on the motion, instead giving the parties the opportunity to file supplemental briefing on whether Sophos's selected combination of SWEEP-InterCheck was publicly available by the relevant time. *Id.* The parties filed their supplemental briefs along with their motions *in limine*. Dkt. No. 213 ("Sophos Suppl. Br."); Dkt. No. 225 ("Finjan Suppl. Br."). Finjan filed additional supplemental evidence on August 21, 2016 following the deposition of Dr. Lammer and Sophos has filed an additional response. Dkt. No. 259 ("Finjan Suppl. Evid."); Dkt. No. 266 ("Sophos Suppl. Oppo.").

## LEGAL STANDARD

Under the prior version of 35 U.S.C. § 102 that applies to this case, a patent is invalid if the claimed invention was either (1) "known or used by others in this country" before the date of

1  invention, 35 U.S.C. § 102(a); or (2) "in public use or on sale in this country" more than one year
2  before the patent application date, 35 U.S.C. § 102(b).  The parties agree that November 8, 1996 is
3  both the date of invention and the patent application date for the relevant patents-in-suit.  "The
4  statutory language, 'known or used by others in this country,' means knowledge or use which is
5  accessible to the public."  *Carella v. Starlight Archery & Pro Line Co.*, 804 F.2d 135, 139 (Fed.
6  Cir. 1986) (internal citations omitted); *accord Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD,
7  2015 WL 428365, at *1 (N.D. Cal. Jan. 30, 2015).

8         The Federal Circuit has "long looked with disfavor upon invalidating patents on the basis
9  of mere testimonial evidence absent other evidence that corroborates that testimony."  *Finnigan*
10 *Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1366 (Fed. Cir. 1999).  This disfavor is motivated by
11 the "suspect nature of oral testimony concerning invalidating events," specifically, "the
12 forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the
13 party calling them would have them recollect them," and their "temptation to actual perjury."
14 *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1374 (Fed. Cir. 2010)
15 (internal quotation marks omitted).  Despite these concerns, the Federal Circuit "has not imposed
16 an impossible standard of 'independence' on corroborative evidence by requiring that every point
17 be corroborated by evidence having a source totally independent of the witness."  *Id.* (internal
18 quotation marks and alteration omitted).  Rather, when determining whether testimony is
19 sufficiently corroborated to support a finding of anticipation, the Federal Circuit applies a "rule-of-
20 reason analysis" and considers all relevant evidence "so that a sound determination of the
21 credibility of the witness's story may be reached."  *Id.* (internal quotation marks omitted); *see also*
22 *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374 (Fed. Cir. 2009).

## DISCUSSION

24        In its supplemental brief, Sophos points to several pieces of evidence that it contends
25 adequately establish the public availability of SWEEP-2.72 & InterCheck-2.01.  Sophos Suppl. Br.
26 at 1-8.  Dr. Jan Hruska, a cofounder of Sophos, states in a declaration that

> Sophos would periodically release new versions of the SWEEP-
> InterCheck software primarily to provide the latest virus patterns
> and identities to customers. Shortly after each new version was

> released, Sophos would ship the new versions to its customers, including those in the United States.
>
> SWEEP version 2.72 and InterCheck version 2.01 were released on April 3, 1995 and March 31, 1995, respectively. SWEEP version 2.72 and InterCheck version 2.01 were shipped to Sophos's existing customers, including Sophos's customers in the United States, in or around April 1995.

Hruska Decl. ¶ 3 (Dkt. No. 213-1) (paragraphing added). Tim Twaits, a software engineer at Sophos, similarly asserts that

> it was Sophos's practice to release new versions of SWEEP and InterCheck software about once a month, primarily to provide the latest virus patterns and identities to customers. The monthly software updates were sent to all of Sophos's existing SWEEP-InterCheck customers.

Twaits Decl. ¶ 2. Attached to Twaits's declaration are two README files, one for SWEEP-2.72 and another for InterCheck-2.01. Twaits Decl. Exs. 8, 9 (Dkt. Nos. 213-11, 213-12). In line with the release dates in Dr. Hruska's declaration, the SWEEP-2.72 README file states, "Released 3rd April 1995," and the InterCheck-2.01 README file states, "Released 31st March 1995." Twaits Decl. Exs. 8, 9.

In line with Hruska's and Twaits's descriptions of Sophos's distribution practices, attached to Hruska's declaration is a document dated May 1, 1995 and titled "Sophos – Distributors – License and Price Information" that states in relevant part, "[O]ne copy of the software is sent and updated monthly." Hruska Decl. Ex. 1 (Dkt. No. 213-2). Hruska states that Sophos began using Alternative Computer Technology, Inc. ("ACT") as its United States distributor in 1991, and submits a Sophos fax dated June 12, 1995 in which Sophos identifies ACT as its United States distributor. Hruska Decl. ¶ 4; Hruska Decl. Ex. 2. Hruska further asserts that by 1995, Sophos's United States based customer Digital Equipment Corporation ("DEC") was using SWEEP-InterCheck for Windows NT on servers in the United States. Hruska Decl. ¶ 5. In support, Hruska points to a Sophos press release dated June 8, 1995 that states, among other things, that (1) "the availability of Windows NT on the DEC Alpha AXP platform has created a new demand for virus scanners," (2) "SWEEP meets this demand," (3) "InterCheck, which comes with SWEEP, extends the checking to every PC on the network," and (4) "SWEEP for Windows NT uses Sophos's patented InterCheck Technology . . . InterCheck operates by verifying every 'unknown'

program before allowing it to be run. A key user benefit is simple updating of the anti-virus database to take account of the latest viruses." Hruska Decl. Ex. 4 (Dkt. No. 213-5).

Sophos also points to several other pieces of evidence in support of the public availability of SWEEP-2.72 & InterCheck-2.01, but I need not recite them all here. Sophos has provided sufficient corroboration of Dr. Hruska's testimony for this issue to survive summary judgment.

At the August 8, 2016 hearing, Sophos noted that Dr. Hruska will not be available to testify at trial and Sophos has elected Dr. Lammer to testify in his place. Following the deposition of Dr. Lammer on August 19, 2016, Finjan submitted supplemental evidence in the form of excerpts of Dr. Lammer's testimony. Finjan Suppl. Evid. Finjan now argues that summary judgment is appropriate because Sophos's only evidence of public availability was Dr. Hruska's testimony and Dr. Lammer has demonstrated that he has no personal knowledge of whether SWEEP 2.72/InterCheck 2.01 was publically available. These arguments are not convincing.

As discussed above, Sophos has pointed to multiple pieces of evidence that corroborate and support Dr. Hruska's testimony. Further, Dr. Lammer's testimony is significantly in line with Dr. Hruska's. He testified at length about Sophos's distribution practices, when and why Sophos updated the SWEEP and InterCheck versions, when and how Sophos would send new versions to customers, how the SWEEP and InterCheck programs interacted, and various other details pointing to the public availability of SWEEP-2.72/InterCheck 2.01. *See* Cunningham Decl. Ex. A, Lammer Depo (Dkt. 266-2), 32:10-33-21; 36:7-23; 37:6-38-18; 41-8-51-4.

Finjan's arguments on the various weak points in the documents submitted by Sophos and Dr. Lammer's testimony are better made to the jury. *See* Finjan Suppl. Br. at 2-10. Sophos's corroborating evidence could be stronger, but Sophos has produced contemporaneous documentary evidence to support each of the key points of Dr. Hruska's declaration, and Dr. Lammer's testimony, i.e., that before the patents' critical date the combination of SWEEP-2.72 & InterCheck-2.01 was (1) released and (2) distributed in the United States (3) to be used as a combined product. That contemporaneous documentary evidence provides sufficient corroboration for Dr. Lammer's credibility to be decided at trial. Finjan's motion for summary judgment on this issue is DENIED.

4

**CONCLUSION**

As Finjan has failed to demonstrate that no material issue of fact exists regarding the public availability of SWEEP 2.72-Intercheck 2.01, Finjan's motion for summary judgment on the validity of the '154, '494, '780, '844, and '926 patents is DENIED.

**IT IS SO ORDERED**.

Dated: August 29, 2016



WILLIAM H. ORRICK
United States District Judge