UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br>          Plaintiff, <br>     v. <br> SOPHOS, INC., <br>          Defendant. | Case No. 14-cv-01197-WHO <br><br> **ORDER GRANTING MOTION TO USE CODENAMES; GRANTING IN PART MOTION TO SEAL CONFIDENTIAL INFORMATION; GRANTING MOTION TO SEAL TRANSCRIPT AND ORDER; AND GRANTING MOTION TO CLARIFY PRIOR ORDER** |

Re: Dkt. Nos. 257, 269, 277, 283

Trial is set for September 6, 2016 in this patent case. The parties (and one non-party) have filed motions to address administrative issues in advance of trial. I rule on four of these pending motions below.

**I. MOTION TO USE CODENAMES**

Finjan requests that I order the parties to use codenames and redacted versions of license agreements concerning the Patents-in-Suit at the trial set for September 6, 2016. Dkt. No. 257. Finjan argues that, because I asserted at the August 8, 2016 hearing that I will not seal the courtroom, codenames are necessary to protect the identities of its licensees and the confidential terms of its license agreements. *Id.* at 1.

Sophos objects to the use of codenames arguing that the information Finjan claims is confidential is already in the public domain. Dkt. No. 264. It further argues that the identity of the licensees is important to its damage analysis, that codenames will confuse the jury and the record, and that Finjan has not adequately identified how this information will prejudice its licensees. Dkt. No. 264. Finally, it argues that the court could employ other means of protecting the information, for example by turning off the display screens to the gallery when the licenses are

being displayed. *Id.*

One of Finjan's licensees ("Licensee") filed a third-party declaration in partial support of Finjan's motion, stating that the terms of the license agreements are commercially sensitive and that it will be harmed if the terms of its license agreement with Finjan are revealed to its competitors because the Licensee's competitors could use this information to gain an advantage against the Licensee in future negotiations.

I conclude that Finjan and its licensees have shown good cause that the identity of Finjan's licensees and the terms of the license agreements are commercially sensitive and that Finjan's licensees would suffer harm if this information was publicly revealed. While Sophos identifies some information that is already in the public domain, much of the information at issue remains confidential. Sophos is correct that the size of the licensees is important context for the jury, but it may present evidence about the licensees' size without revealing the exact names and identities of the licensees to the public. I am not persuaded that Sophos will suffer prejudice if it is not able to call the licensees by their real names. Sophos has not identified a sound alternative for protecting the identity of the licensees or the terms of the license agreements. Turning off the gallery screens will do little as Sophos maintains that "oral testimony is likely required to clearly communicate" the intricacies of its damage testimony and so intends to discuss the confidential terms in open court on the record. Dkt. No. 287 at 2.

Because Finjan has shown good cause for protecting the identity of its licensees, I GRANT Finjan's motion to use codenames and to redact the licensee names from its agreements.

## II. NON-PARTY MOTION TO SEAL CONFIDENTIAL INFORMATION

A non-party Finjan licensee ("Licensee") moves to seal confidential information regarding its identity and the terms of its License Agreement ("Agreement") with Finjan at trial. Dkt. No. 269.[1] The Licensee requests that certain sections of its Agreement be redacted, and that the courtroom be briefly sealed during trial to protect the confidentiality of the Agreement. *Id.* at 2. The Licensee notes that in *Finjan v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, D.I. 400 at 1

---

[1] It also requested oral argument on its motion. Oral argument is unnecessary on this subject, and its request is DENIED.

1  (N.D. Cal. July 22, 2015), the court granted a similar request, redacted the Agreement, and briefly

2  sealed the courtroom to protect the Licensee's confidential information.

3       Trials are matters of public record.  I will not seal the courtroom during trial.

4       As an alternative, the Licensee requests that I (1) order counsel and witnesses to publish

5  the Agreement to the jury and courtroom alone, and not the general public; (2) order counsel and

6  witnesses not to state the Commercially Sensitive Terms of the Agreement; and (3) order counsel

7  and witnesses not to refer to the Licensee using a code name from which its identity can be

8  determined.  *Id.* at 5.

9       Sophos objects to this motion in part.  Sophos does not object to sealing most sections the

10 Licensee identifies as "Commercially Sensitive" but objects to sealing Sections 1.1, the first clause

11 of 2.1, 3.1(a), and Exhibit A.  Dkt. No. 262-2.  It argues that oral testimony regarding these

12 sections is important to properly presenting its damage evidence and to Mr. Napper's testimony.

13 Dkt. No. 262 at 2.

14      I agree that oral testimony may be important to Sophos's damage evidence.  Sophos has

15 identified a few narrow terms from the Agreement that it would like to discuss in court which, if

16 discussed in conjunction with a codename, are not likely to reveal the identity of or commercially

17 harm the Licensee.

18      I GRANT the Licensee's motion in part.  I order (1) counsel and witnesses to publish the

19 Agreement to the jury and courtroom alone, and not to the general public, (2) with the exception

20 of Sections 1.1, the first clause of 2.1, 3.1(a), and Exhibit A, counsel and witnesses shall not state

21 the Commercially Sensitive Terms of the Agreement, and (3) counsel and witnesses shall refer to

22 the Licensee only by a code name.  Counsel and witnesses may discuss the terms included in

23 Sections 1.1., the first clause of 2.1, 3.1(a), and Exhibit A of the Agreement as long as they use an

24 appropriate code name when referring to the Licensee.

### III. MOTION TO REQUEST COURT TO SEAL CONFIDENTIAL INFORMATION IN COURT TRANSCRIPT AND ORDER ON MOTIONS IN LIMINE

     Finjan moves to seal portions of the Pretrial Conference Transcript and portions of my

August 22, 2016 Order on Sophos's and Finjan's *Daubert* Motions and Motions *in Limine*.  Dkt.

1  Nos. 254, 262.  Specifically, Finjan seeks to seal information regarding a confidential license
2  agreement.  Finjan argues that this information was not meant to be publically available, could
3  prejudice the licensing parties if it is publicized, and has been designated by Finjan as "Highly
4  Confidential – Attorneys' Eyes Only."  Dkt. No. 277 at 2.  Finjan also argues that its request is
5  narrowly tailored as it is limited only to documents for which good cause for filing under seal
6  exists.  *Id.*

7  I agree that Finjan has shown good cause to file the requested documents under seal and its
8  request is narrowly tailored to confidential information.  I GRANT Finjan's Administrative
9  Motion to Request Court Seal Confidential Portions of Pretrial Conference Transcript and Order
10 on Motions *in Limine*.  The identified portions will be redacted from these documents.

**IV. MOTION TO CLARIFY ORDER ON FINJAN MOTION *IN LIMINE* NO. 4**

12 Finjan requests clarification on my August 22, 2016 Order on Finjan's Motion in Limine
13 No. 4.  Dkt. No 262.  I GRANT Finjan's motion for clarification.  Consistent with my prior order,
14 Sophos may only use the Delaware Action as evidence in support of its damages and willful
15 infringement arguments.  Sophos may not use the Delaware Action as evidence of invalidity or
16 infringement.  The parties should offer limiting instructions regarding Sophos's potential use of
17 the Delaware Action.

**IT IS SO ORDERED**.

Dated: August 30, 2016



WILLIAM H. ORRICK
United States District Judge