PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOPHOS, INC., <br><br> Defendant. | Case No.: 14-CV-01197-WHO <br><br> **FINJAN'S PROPOSED UPDATED PRELIMINARY JURY INSTRUCTIONS FOR INSTRUCTION NOS. 1.4, 2.1 AND 2.2** |

Plaintiff Finjan, Inc. ("Finjan") submits the following three proposed preliminary jury instructions reflected in redline, which reflect the Court's August 22, 2016 Order on *Daubert* Motions and Motions *in Limine* (Dkt. 262) and the parties' stipulation on August 29, 2016 (Dkt. 282). Finjan also updates Instruction 1.4 to be consistent with the names of the accused products at issue in this case and supplements an objection to Sophos' proposed language in Instruction 2.2, which deviates from the Ninth Circuit Manual of Model Civil Jury Instructions. Finjan requested that Sophos join this filing, but Sophos objects to this submission.

### ~~STIPULATED~~ 1.4 SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Finjan, Inc., ("Finjan") and Sophos, Inc. ("Sophos"). The case involves ~~six~~five United States patents obtained by Finjan and transferred by the inventors to Finjan. The patents involved in this case are United States Patent No. 6,154,844 ("the '844 Patent"), U.S. Patent No. 8,141,154 ("the '154 Patent"), U.S. Patent No. 6,804,780 ("the '780 Patent), U.S. Patent No. 8,677,494 ("the '494 Patent"), ~~U.S. Patent No. 8,566,580 ("the '580 Patent"),~~ and U.S. Patent No. 7,613,926 ("the '926 Patent"), together referred to as the "Asserted Patents." For convenience, the parties and I will often refer to these patents as the last three numbers of the patent. The Asserted Patents list the following inventors: Shlomo Touboul, Nachshon Gal, David Gruzman, Yuval Ben-Itzhak, Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, Shay Lang, Dmitry Rubinstein.

Finjan filed suit in this court seeking money damages from Sophos for allegedly infringing the Asserted Patents by making, using, selling, and offering for sale products and methods that Finjan argues are covered by the following claims of the Asserted Patents: Claims 1,7~~, 16,~~ and ~~43~~16 of the '844 Patent; Claim 1 of the '154 Patent; Claims 9 and 18 of the '780 Patent; Claims 1, 10, 14, and 18 of the '494 Patent; ~~Claim 1 of the '580 Patent;~~ and Claims 18 and 22 of the '926 Patent. These claims may be referred to as the "Asserted Claims" of the Asserted Patents. Finjan alleges that Sophos's products ~~and the methods used by customers and Sophos's products~~ infringe the Asserted Claims. These products are UTM/NextGen Firewall & Web Protection, <ins>referred to as "the UTM Products," Sophos Live Cloud/</ins>SophosLabs, ~~SAVI,~~ and Endpoint/Enduser Protection. These are collectively referred to as the "Accused Products." Finjan has the burden of proving these claims.

Sophos denies that it has infringed the Asserted Claims and argues that, in addition, the Asserted Claims are invalid. Invalidity is a defense to infringement. Sophos has the burden of proving these

invalidity claims.

Your job will be to decide whether the Asserted Claims have been infringed and whether those claims are invalid.  If you decide that any claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Finjan to compensate it for the infringement.  [If you decide that any claim of the '844 or '780 Patents is infringed,] You, you will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will [consider any] take willfulness [ finding you may make] into account later.

Before you decide whether Sophos has infringed the Asserted Claims or whether any of the Asserted Claims are invalid, you will need to understand the patent claims.  As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the Asserted Claims.  The copy of these Preliminary Instructions that I provide to you will include a section entitled "Claim Construction Order," which sets forth those meanings.  You are to apply my definitions of these terms throughout this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity.  Those issues are yours to decide.  I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

3

[PROPOSED] UPDATED PRELIMINARY JURY INSTRUCTIONS     Case No. 14-cv-01197-WHO

*2.0. Instructions on the Types of Evidence*

**~~STIPULATED~~ 2.1 STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed into evidence ~~as Exhibit ___.~~. You should therefore treat ~~these~~the following facts as having been proved~~.~~:

1. Finjan is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2000 University Ave., Ste. 600, East Palo Alto, California 94303.

2. Sophos is a Massachusetts corporation with its principal place of business at 3 Van de Graaff Drive, Second Floor, Burlington, Massachusetts.

3. Finjan, Inc. is the owner of the Finjan Patents.

4. The '844 Patent issued on November 28, 2000.

5. The '780 Patent issued on October 12, 2004.

6. The '926 Patent issued on November 3, 2009.

7. The '154 Patent issued on March 20, 2012.

9. The '494 Patent issued on March 18, 2014.

10. The effective filing date of the '844 Patent is December 22, 1997.

11. The effective filing date of the '154 Patent is December 12, 2005.

12. The effective filing date of the '494 Patent is November 8, 1996.

13. The effective filing date of the '780 Patent is November 8, 1996.

14. The effective filing date of the '926 Patent is November 6, 1997.

15. Sophos was aware of Finjan before the Complaint in this litigation was filed on March 14, 2014.

16. Finjan was aware of Sophos before the Complaint in this litigation was filed on March 14, 2014.

Authorities:
NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (CIVIL), Instruction No. 2.2

**STIPULATED WITH EXCEPTION OF SOPHOS' ADDITION IN BRACKETS**

**2.2 DEPOSITION [OR PRIOR TRIAL TESTIMONY] IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions were taken earlier in the case. Insofar as possible, you should consider deposition testimony, **[or testimony from a previous trial]** presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Authorities:
ADAPTED FROM NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (CIVIL), Instr. No. 2.4.

**Finjan's Position:** It is not proper for Sophos to add designations of trial testimony to this instruction as Finjan has objected to the use of trial testimony as improper under the Pretrial Order, which allows for designation of deposition testimony not trial testimony. Under Federal Rules of Evidence 804(b)(1) former testimony is only admissible if (1) the witness is unavailable and (2) offered against a party (or a predecessor in interest) who had an opportunity/motive to develop the testimony. Sophos as the proponent of the trial testimony has the burden of proving the trial testimony is admissible but Sophos has failed to identify what specific trial testimony it intends to use, for what purpose and whether such testimony is even admissible. *Concourse v. Amazon* 639 F.Supp.2d 406 (D. Del. ~~Moreover, Finjan also has a motion in *limine* to exclude the discussion of any previous trials between Finjan and Sophos or other unrelated entities. The introduction of testimony from other trials will confuse the jury and is prejudicial to Finjan.~~ 2009). Lastly, as discussed in Finjan's Motion for Clarification, the introduction

of testimony from other trials can cause confusion and can be prejudicial to Finjan, particularly if it is used for issues relating to infringement and validity. *See* Dkt 283.

**Sophos's Position**:  Previous trial testimony is admissible and the jury should be instructed that, if used, is should be treated the same way as if the witness testified live.

Respectfully submitted,

Dated:  September 4, 2016          By:   */s/ Lisa Kobialka*
                                              Paul J. Andre (State Bar. No. 196585)
                                              Lisa Kobialka (State Bar No. 191404)
                                              James Hannah (State Bar No. 237978)
                                              KRAMER LEVIN NAFTALIS
                                                & FRANKEL LLP
                                              990 Marsh Road
                                              Menlo Park, CA  94025
                                              Telephone: (650) 752-1700
                                              Facsimile: (650) 752-1800
                                              pandre@kramerlevin.com
                                              lkobialka@kramerlevin.com
                                              jhannah@kramerlevin.com

                                              *Attorneys for Plaintiff*
                                              FINJAN, INC.