UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOPHOS, INC., <br><br> Defendant. | Case No. 14-cv-01197-WHO <br><br> **ORDER GRANTING IN PART SOPHOS'S RENEWED MOTION TO EXCLUDE TESTIMONY OF DR. LAYNE-FARRAR** <br><br> Re: Dkt. No. 324 |

## INTRODUCTION

On August 15, 2016 I partially granted Sophos's *Daubert* motion to exclude certain testimony of Dr. Layne-Farrar. Dkt. No. 250. In that order I explained that Layne-Farrar's method of applying a royalty rate to an apportioned base for each patent and adding the resulting royalties was not reliable because under her apportionment method she had attributed the full value of certain features of Sophos's products to multiple patents and so had counted the value of these features multiple times. *Id.* at 7. This functioned to inflate Layne-Farrar's royalty base and her final damages calculation. *Id.* Layne-Farrar submitted an amended report on August 24, 2016 and Sophos has renewed its motion to exclude Layne-Farrar's testimony based on her amended report. Dkt. No. 324. I heard argument on this motion on September 8, 2016 and, after further study, I have concluded that the amended methodology is not reliable and will exclude it.

## DISCUSSION

My role with respect to expert testimony is as a gatekeeper. The objective of *Daubert*'s gatekeeping requirement "is to ensure the reliability and relevancy of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). A judge does not have the discretion to "abandon the gatekeeping function" or "to perform the function inadequately." *Id.* at 159 (Scalia, J. concurring). The burden is on the proponent of the expert testimony to show, by a

preponderance of the evidence, that the admissibility requirements are satisfied. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Layne-Farrar's amended methodology, the volume discount royalty rate method, suffers from the same problem discussed in my prior order and obfuscates, intentionally or not, her opinion regarding the royalty she applies for the allegedly infringed patents. While cross-examination could unravel some of the problems with her opinion, ultimately it would be prejudicial to allow the jury to consider it because of its unreliability.

While the volume discount royalty rate reduces the overall damage calculation, it does not resolve the issue I previously identified as it continues to attribute the full value of certain features to multiple patents. I will illustrate this problem with an example.

Layne-Farrar opines that a total of 5/7 modules of Sophos's UTM product are infringed by Finjan's patents. Assuming each module has equal value, Finjan's patents, at maximum, account for 5/7 the value of the UTM's total revenues. The total revenues are 21.5M so the total possible apportioned revenue base for Finjan's five patents, using this infringing module method, is 15.3M.[1] Layne-Farrar also opines that a 16 percent royalty rate is appropriate given Finjan's past licenses. Applying this royalty rate to the apportioned royalty base I get $(15.3M)(.16) = 2.44M$. Based on Layne-Farrar's own methodology, this should be the highest possible royalty for Finjan's five patents on the UTM because this reflects the maximum apportionment base for all five patents and is the highest royalty rate she uses.

But Layne-Farrar calculates a 5.6M royalty. She does this by calculating an individual royalty for each patent and then adding the royalties for all of the patents together. Layne-Farrar calculates an apportionment base for each patent based on how many modules that patent covers. She then applies the 16 percent royalty rate to the patent with the lowest apportionment base to calculate the royalty for the first patent. Next she applies a reduced royalty rate of 14.5 percent to the apportionment base for the patent with the next lowest royalty base to calculate her royalty base for the second patent. She continues in this way using a declining royalty and applying it to

---

[1] $(21.5M)(5/7) = 15.3M$

2

1  each patent to calculate individual royalty rates and then adds the royalties together to get her final
2  royalty of 5.6M

3  While Layne-Farrar's new opinion and calculation is more complex than before, the issue
4  with it is the same. She continues to attribute the full value of certain modules of the Sophos
5  product to multiple patents by including their full value in each patent's individual apportionment
6  base. As discussed before, this is improper; if each patent is valid, then each cannot contribute the
7  full value of a single module. *Id.*

8  There is nothing wrong with attempting to calculate an individual royalty for each patent.
9  The problem here is that Layne-Farrar has not sufficiently apportioned the value of the various
10 modules to each patent to calculate a per patent royalty without double-counting the modules'
11 value. Layne-Farrar could have attempted to further apportion the modules to each patent. For
12 example, she could have determined that each of the five patents, which all cover module 1,
13 contribute 1/5 the value of module 1. She did not propose this level of apportionment for probably
14 good reasons,, given the complex and interrelated nature of the technologies. But her decision not
15 to apportion the modules to each patent does not make it reasonable to attribute the full value of
16 module 1 to all five patents. While it may be hard to determine how exactly to break down the
17 value of module 1 among the five patents, it is clear that the module's full value never increases.
18 But Layne-Farrar incorporates the full value of module 1 five separate times when she calculates
19 the individual apportionment base for each patent. This is the exact same problem I identified in
20 my prior opinion and Layne-Farrar has not resolved it here.

21 Layne-Farrar's use of the declining royalty rate does not save her opinion. While this
22 reduces her overall royalty calculation, her total royalty still exceeds the highest royalty possible
23 assuming a maximum 15.3M base and 16 percent royalty rate. While Layne-Farrar's precise
24 calculation is difficult to track, because her ultimate royalty is significantly higher than the
25 maximum possible royalty for her figures, it is clear that she must be double counting the revenues
26 for certain modules. The problem with Layne-Farrar's prior methodology was not her ultimate
27 royalty calculation, but the method she used to calculate it.

28 Layne-Farrar's ultimate royalty calculation of 5.6M for the UTM user method is likely to

3

confuse the jury because it does not align with the apportionment base and royalty rate she selects. While Finjan insists that Layne-Farrar never exceeds the maximum apportionment base of 15.3M and her royalty rate never exceeds 16 percent, her ultimate calculation reflects a base or royalty rate well above the numbers she puts forward. For example, holding constant the maximum 15.3M apportionment base, Layne-Farrar's 5.6M royalty reflects a functional royalty rate of 36 percent.[2] Alternatively, holding constant a 16 percent royalty rate, her 5.6M figure reflects a functional royalty base of 35M.[3] (Her billings based method results in a whopping royalty rate of 53.7%).

      Layne-Farrar could have offered an opinion that a 36 percent royalty rate is appropriate or that the royalty base should exceed 15.3M. If she had the foundation to offer these opinions she would have been welcome to do so. But she did not offer those opinions. Under the method she has selected, where a maximum apportionment base for the UTM user method is 15.3M and her maximum royalty rate is 16 percent, her conclusion that a reasonable royalty is 5.6M is not reliable. It conceals that she is functionally applying a much higher royalty rate or using a much higher royalty base to reach her ultimate royalty figure. This opinion is therefore likely to confuse the jury and is not reliable.

      Because Layne-Farrar's volume discount royalty rate again attributes the value of Sophos's product features to multiple patents it is not a reliable method. I GRANT Sophos's motion with regard to Layne-Farrar's volume discount royalty rate opinions.

      As discussed at oral argument, Sophos's objection to Layne-Farrar's proxy opinion regarding SophosLabs should have been raised in its prior *Daubert* motion and has now been waived for purposes of the *Daubert* challenge. I DENY Sophos's motion with regard to Layne-

---

[2] $.36(15.3\text{M})=5.6\text{M}$
[3] $(35.\text{M})(.36)=(5.6\text{M})$

1   Farrar's SophosLabs proxy opinion.
2   **IT IS SO ORDERED**.
3   Dated: September 8, 2016



WILLIAM H. ORRICK
United States District Judge