1  SEAN CUNNINGHAM (Bar No. 174931)
   sean.cunningham@dlapiper.com
2  KATHRYN RILEY GRASSO (Bar No. 211187)
3  kathryn.riley@dlapiper.com
   **DLA PIPER LLP (US)**
4  401 B Street, Suite 1700
   San Diego, CA  92101-4297
5  Tel:  (619) 699-2700
   Fax:  (619) 699-2701
6
   SUMMER K. TORREZ (Bar No.264858)
7  summer.torrez@dlapiper.com
   KRISTA CELENTANO (Bar No. 279526)
8  krista.celentano@dlapiper.com
   **DLA PIPER LLP (US)**
9  2000 University Avenue
   East Palo Alto, CA  94303-2215
10 Tel: 650.833.2000
   Fax: 650.833.2001
11
   Attorneys for Defendant
12 SOPHOS INC.

   TODD PATTERSON (*pro hac vice*)
   todd.patterson@dlapiper.com
   **DLA PIPER LLP (US)**
   401 Congress Avenue, Ste. 2500
   Austin, TX 78701-3799
   Tel:  512.457.7000
   Fax:  512.457.7001

   ANDREW N. STEIN (*pro hac vice*)
   andrew.stein@dlapiper.com
   **DLA PIPER LLP (US)**
   500 Eighth Street NW
   Washington, D.C.  20001
   Tel: 202.799.4000
   Fax: 202.799.5000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SOPHOS INC.,<br><br>　　　　　Defendant. | CASE NO.  3:14-cv-01197-WHO<br><br>**DEFENDANT SOPHOS INC.'S TRIAL BRIEF REGARDING THE INCLUSION OF INVALIDITY OF CLAIM 1 OF THE '494 PATENT ON THE VERDICT FORM**<br><br>Judge:  William H. Orrick |

## I. INTRODUCTION

Sophos requests that the jury be permitted to answer the question of whether claim 1 of the '494 patent is invalid. In his expert report, Dr. Cohen opined on the invalidity of claims 1 and 10 of the '494 patent, but because a single paragraph discussing the "database" limitation was included for claim 10 but inadvertently omitted for claim 1, Sophos faces what amounts to a directed verdict on the validity of claim 1. As multiple witnesses have testified, claims 1 and 10 are nearly identical. Indeed, Finjan's experts have testified that claim 1 is so "very, very similar" to claim 10, the same evidence should be applied to both claims. Because of the similarities in the two claims, the Court should allow the jury to determine the invalidity of claim 1 when it determines the invalidity of claim 10. At a minimum, Sophos should be permitted to establish through cross-examination of Finjan's expert that the validity of claims 1 and 10 rise and fall together, at which point the Court can decide whether both claims should be included on the verdict form for invalidity purposes.

## II. ARGUMENT

### A. Finjan's Expert Confirmed That Claims 1 And 10 Of The '494 Patent Are Identical In All Material Respects.

Claims 1 and 10 of the '494 patent are essentially identical, except claim 1 is a method claim and claim 10 is a system claim. The identical portions are shaded below:

| Claim 1 | Claim 10 |
|---|---|
| A computer-based method, comprising the steps of: | A system for managing Downloadables, comprising: |
| receiving an incoming Downloadable; | a receiver for receiving an incoming Downloadable; |
| deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable; and | a Downloadable scanner coupled with said receiver, for deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable; |
| storing the Downloadable security profile data in a database. | and a database manager coupled with said Downloadable scanner, for storing the Downloadable security profile data in a database. |

1

In his report, Dr. Cohen analyzed both claims 1 and 10. For the third element of claim 10 (the "deriving security profile data" limitation), Dr. Cohen included a paragraph that described the database as residing on the SWEEP server, specifically in the VDL.C file, but that opinion was inadvertently omitted for the identical element of claim 1. Based on that typographical error, Finjan moved to strike Dr. Cohen's opinion for claim 1, which the Court granted. Dkt. No. 205 at 25.

Finjan's expert, Dr. Cole, opined at trial that claims 1 and 10 of the '494 patent are "very, very similar":

> Q. Let's look at Claim 10 of the '494 Patent. This is a system claim as opposed to a method claim; is that correct?
>
> A. That is correct.
>
> Q. Is this system claim similar to the method claim you just looked at?
>
> A. Very, very similar.

Trial Tr. at 411:9-14. Dr. Mitzenmacher testified the same way about materially identical patent claims. *See, e.g.*, Trial Tr. at 576:11-14 ("they are not identical, but they're entirely similar"); 598:16-25 ("entirely similar"); 637:21-22 ("Q. Are the elements in Claim 22 similar to Claim 15 and 18? A. Very much so."). Because Finjan's experts have opined that they can prove infringement of one claim by pointing to similar or identical limitations in another claim, a reasonable jury also could conclude that the evidence offered to prove the invalidity of claim 10 of the '494 patent also applies to claim 1 of the '494 patent.

### B. The Jury Has Heard Evidence About The Invalidity of "Very, Very Similar" Claim 10 Of The '494 Patent.

The jury has heard from Sophos's fact witnesses and Sophos's expert Dr. Cohen about how the prior art SWEEP-InterCheck prior art product worked. Dr. Cohen also provided limitation-by-limitation expert testimony about how SWEEP-InterCheck meets all of the

elements of nearly identical claim 10 of the '494 patent, including the "database" limitation according to the Court's claim construction. Trial Tr. (Rough) 10:44:18-10:46:12:

> Q. Okay. Let's go to DX8.79 [*sic*: 97]. A database manager coupled with said Downloadable scanner for storing the Downloadable security profile in a database.
>
> A. Right. So this is again VDL check PWUF and it also has a database, right, so the database in this case is always these hash files and as we try to remember from the database description of what a database is, it has a collection of related information. In this case it's the different VDL elements. It has a schema for organizing them. In this case the schema has different ways of organizing different ones. It has organized by the 2 bite hash takes a portion of the VDL that is associated with each of the 2 bite combinations that can result from the hashing out rhythm run on a section of the suspicious or potentially suspicious code and then it has another organization using a one bite hash and another organization -- well, so, these -- each of these organizations -- and so it stores the compiled VDL bite code in these different parts of of this database and it has the ability to add to the hashing tables. You can see that down below. So this is the function of the database manager that says add to hashing tables. And -- and so this is the database manager that's coupled with the Downloadable scanner, the VDL scanning code, that -- that stores the security profile data in a database. The database is this in memory as well as on December disk copy after all this VDL in this case organized in all these various ways.



Given the substantial overlap between claim 10 and claim 1, the jury should be permitted to decide the validity of both claims based on this detailed testimony and evidence. Having a patent claim disposed of for invalidity purposes is an extreme sanction to impose for a typographical error in an expert report. At a minimum, Sophos should be permitted to establish through cross-examination that the validity question for claims 1 and 10 of the '494 patent rise and fall together, at which point the Court can decide whether to include both questions on the verdict form.

Dated:  September 15, 2016

**DLA PIPER LLP (US)**

By   */s/Sean Cunningham*
    SEAN CUNNINGHAM
    KATHRYN RILEY GRASSO
    TODD PATTERSON
    ANDREW N. STEIN
    SUMMER K. TORREZ

Attorneys for Defendant SOPHOS INC.